551 P.2d 989

Evelyn Marie THIGPEN, Plaintiff-Appellant,

v.

COUNTY OF VALENCIA and Great American Insurance Company, Defendants-Appellees.

No. 2370.

Court of Appeals of New Mexico.

May 25, 1976.

Certiorari Denied July 6, 1976.

Walter K. Martinez, Grants, for appellant.

J. E. Casados, Gallagher & Casados, Albuquerque, for appellees.

## OPINION

WOOD, Chief Judge.

This workmen's compensation case involves the unexplained death of Deputy Sheriff Thigpen. The trial court dismissed the widow's claim for compensation at the close of plaintiff's case. The parties argue the sufficiency of the evidence to support certain of the trial court's findings and the failure of the trial court to adopt certain of plaintiff's requested findings. See, *Herbert v. Sandia Savings & Loan Association,* 82 N.M. 656, 486 P.2d 65 (1971). Plaintiff's proof is at this point uncontradicted. The issue is a question of law—whether under the uncontradicted proof the trial court could properly find at the close of the plaintiff's case that the deputy's death did not arise out of and in the course of employment. *Ensley v. Grace,* 76 N.M. 691, 417 P.2d 885 (1966).

Three of the requirements for compensation were litigated at trial—(1) accidental injury, (2) arising out of and (3) in the course of employment. Section 59–10–13.3, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1).

Deputy Thigpen was assigned a patrol car. He was required to supply his own weapons. One of his weapons was a sawed-off shotgun. The shotgun did not have a trigger guard. Thigpen's superior officer, Captain Marez, advised Thigpen not to carry such a weapon. Contrary to

defendants' contention, Captain Marez testified that he never gave Thigpen any directions or orders concerning use of such a shotgun.

Thigpen was found dead, seated in the driver's seat of his patrol car. He died from shotgun wounds. The shotgun was "[s]itting over the hump of the transmission, on the floor."

The foregoing uncontradicted proof establishes an accidental injury arising out of Thigpen's employment. *Ensley v. Grace,* supra; *Houston v. Lovington Storage Company,* 75 N.M. 60, 400 P.2d 476 (1965); *Medina v. New Mexico Consolidated Min. Co.,* 51 N.M. 493, 188 P.2d 343 (1947). Defendant does not claim to the contrary. The trial court erred in ruling that Thigpen's death did not arise out of his employment.

■ The trial court also ruled that Thigpen's death was not in the course of his employment. "Course of employment" refers to the time, place and circumstances under which the injury occurred. *Walker v. Woldridge,* 58 N.M. 183, 268 P.2d 579 (1954). The term "while at work" is synonymous with "in the course of the employment." *Whitehurst v. Rainbo Baking Company,* 70 N.M. 468, 374 P.2d 849 (1962). Compare, *Edens v. New Mexico Health & Social Services Dept.,* 89 N.M. 60, 547 P.2d 65 (1976).

The trial court found that at the time of his death, Thigpen was watering his horses and performing no duties for his employer. None of the trial witnesses testified that Thigpen was watering his horses at the time of death. Testimony to this effect appears in depositions, but the depositions were not introduced as evidence. See Civil Procedure Rule 26(d) and *Martinez v. Universal Constructors, Inc.,* 83 N.M. 283, 491 P.2d 171 (Ct.App.1971). The briefs of the parties are to the effect that Thigpen's patrol car was parked near the water tank when his body was discovered. Again, support for this fact comes basically from the depositions that were not in-

troduced into evidence. The state of the trial record, therefore, does not support the finding of watering the horses. Since, however, it is clear that this evidence is available, we consider the finding to be before us and assume that it is established that Thigpen was in fact in the process of watering his horses at the time of his death, having driven to the watering tank in his patrol car.

On the basis of these assumed facts, the trial court found that watering the horses was a deviation from his employment and that Thigpen was outside the course of his employment. The uncontradicted proof does not support such a finding.

■ Thigpen was one of two deputies assigned to duties in western Valencia County and stationed at Grants, New Mexico. Because of a shortage of gasoline, the deputies had been instructed not to patrol but to respond only to calls. On the day of his death, Thigpen was assigned to the day shift and his death occurred during this shift. His duty during the shift was to be on-call. Because his patrol car did not have a radio, any calls to Thigpen would be by telephone. During his on-call period, Thigpen was required to keep one of the police offices in Grants informed as to his whereabouts at all times so that Thigpen could be reached by telephone.

During the on-call period, Thigpen could move about and engage in personal activities. "The restriction was that he had to be available at any time whether he went to a store, chore, whatever." The requirement was that Thigpen had to have his equipment and patrol car with him wherever he went so as to "be ready to go out and take a call."

Thigpen's superior officers knew that he kept horses and permitted Thigpen to water the horses during the period of time he was on-call. Thigpen's captain "didn't see nothing wrong with it."

The water tank for the horses was about 100 yards from Thigpen's trailer. Thigpen could hear his telephone from this area be-

cause a special bell had been installed on the outside of his trailer.

The uncontradicted proof is that Thigpen did not depart from his employment while watering his horses because the employer knew and consented to this practice. The contradicted proof is that in watering his horses on the day in question, Thigpen was "ready to go out and take a call." The showing is that Thigpen was performing the duties of his employment. *Sullivan v. Rainbo Baking Company,* 71 N.M. 9, 375 P.2d 326 (1962); *Whitehurst v. Rainbo Baking Company,* supra. The trial court erred in finding that Thigpen deviated from his employment and was not in the course of his employment under the uncontradicted proof before the trial court.

Oral argument is unnecessary. The judgment is reversed; the cause is remanded for a new trial.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.