Argued November 29, reversed and remanded December 18, 1978

HAUGEN, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Petitioner.*
(WCB No. 77-881, SAIF No. HD 106442, CA 11165)
588 P2d 77

Donald P. Bourgeois, Associate Counsel, State Accident Insurance Fund, Portland, argued the cause and filed the brief for petitioner.

Allen Reel, Portland, argued the cause for respondent. With him on the brief was Kennedy, King & McClurg, Portland.

Before Schwab, Chief Judge, and Johnson, Gillette, and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

Claimant, a Port of Portland (Port) police officer, suffered a back injury at home during non-working hours while exercising with weights. The issue on appeal is whether the claim was compensable. We hold that it was not and reverse the decision of the Workers' Compensation Board.

The evidence indicates that police officers for the Port perform functions that require that they be on their feet much of the time and that on occasion they may have to use physical force in effectuating an arrest or crowd control. The written job specifications require that officers "must be in good physical condition and within acceptable height and weight limitations" and must have a biennial physical examination. There is no evidence concerning what are "acceptable height and weight limitations." The required physical examination is conducted by the officer's own physician at the Port's expense. The examination is typical of that which might be administered to any person who reasonably cares for his or her health. The officers are not tested for such things as agility or strength. The Port does not prescribe any exercise program for police officers.[1]

Claimant follows his own self-designed exercise program which includes lifting weights, using an exercycle and doing sit-ups and leg exercises. Some other officers have similar programs. One officer, for example, follows a regular exercise schedule which includes jogging, weight lifting, and racketball.

An injury is not compensable unless it arises "out of and in the course of employment." ORS 656.005(8)(a). In *Jordan v. Western Electric,* 1 Or App 441, 463 P2d 598 (1970) we outlined the relevant criteria to be considered:

---

[1] The Port does encourage officers to attend a self defense school although claimant has not attended the school.

" 'a) Whether the activity was for the benefit of the employer, * * *;

" 'b) Whether the activity was contemplated by the employer and employee either at the time of hiring or later, * * *;

" 'c) Whether the activity was an ordinary risk of, and incidental to, the employment, * * *;

" 'd) Whether the employee was paid for the activity, * * *;

" 'e) Whether the activity was on the employer's premises, * * *;

" 'f) Whether the activity was directed by or acquiesced in by the employer, * * *;

" 'g) Whether the employee was on a personal mission of his own, * * *.' " (Citations omitted)

It is not necessary that all of these criteria be satisfied. *See, e.g., Olsen v. SAIF,* 29 Or App 235, 562 P2d 1234 (1977); *Jordan v. Western Electric, supra.* Because of the multitude of employment situations that exist, it is impossible to formulate precisely how to weigh each of the *Jordan* criteria, particularly in those situations where some, but not all the factors, are to a degree present. Such situations necessarily must be decided on a case by case basis.

We can safely say here that two of the *Jordan* factors were present. The employer probably contemplated that claimant would engage in a reasonable exercise program and acquiesed in that program. On the other hand, the activity was not one for which the employee was paid, nor did it occur on the employer's premises.

The real issue is the nature of the benefit to the employer and whether the activity is an ordinary risk of, and incidental to, the employment. The employer is benefited. Arguably, of course, any employer is benefited if employees engage in activities which contribute to good physical and mental health. Claimant contends that police officers are in a special category because good physical conditioning is essential to their

[ 604 ]

work. However, the same argument could be made for many jobs. There is no evidence that a police officer's job is any more physically strenuous or requires any more strength or agility than for example that required of a faller or topper employed in the forest products industry.

■ The critical fact is that the risk of injury from claimant's physical conditioning program did not arise out of but rather was a condition to or qualification for the employment. Claimant's employment contract requires that he maintain himself in good physical condition and establishes objective criteria in terms of weight and a biennial physical for measuring that qualification. The employer does not prescribe what police officers must do to satisfy those criteria. The employee assumes the responsibility for, and correspondingly any attendant risk of, meeting the job qualifications. He may follow a program of careful diet and walking, or engage in vigorous contact sports. In either event, the activity and any injury resulting therefrom is neither in the course of nor does it arise out of the employment.[2]

Reversed and remanded.

---

[2] Claimant cites cases from other jurisdictions to support his claim for recovery. *Winter v. Industrial Accident Commission,* 129 Cal App 2d 174, 276 P2d 689 (1954); *University of Denver v. Nemeth,* 257 P2d 423 (Colo 1953); *Piusinski v. Transit Valley Country Club,* 283 NY 674, 28 NE2d 401 (1940). All of these cases involved injuries that occurred on the employer's premises. *See also Olsen v. SAIF,* 29 Or App 235, 562 P2d 1234, *rev den* (1977) (bicycle accident occurring on employer's premises during a regular lunch hour). Furthermore, the activities from which the injuries arose were specifically required or encouraged by the employer. *University of Denver v. Nemeth, supra,* (employee required to play football); *Piusinski v. Transit Valley Country Club, supra; Winter v. Industrial Accident Commission, supra* (caddies encouraged to play golf). *See also* 1A Larsen, Workmen's Compensation Law § 22 (1978).