[Civ. No. 53430. Second Dist., Div. Four. Apr. 10, 1979.]

CITY OF LOS ANGELES, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
RAY NOETZEL, Respondents.

**COUNSEL**

Burt Pines, City Attorney, H. John Wittorff, Assistant City Attorney, and Mary E. McDaniel, Deputy City Attorney, for Petitioner.

Lewis & Marenstein and Richard T. Unitan for Respondents.

**OPINION**

**FILES, P. J.—**

I

 Petitioner City of Los Angeles (City) asks a review of a decision of the Workers' Compensation Appeals Board finding respondent Ray Noetzel's injury to his back on September 27, 1976, was a compensable industrial injury.

Noetzel is employed by the City as a police officer. The injury which is the subject of this review occurred when Noetzel was at home and off duty, exercising with weightlifting equipment in preparation for a physical fitness test to be given by City's police department.[1]

The physical fitness test, to be conducted in October 1976, was for strength, endurance and agility. The test was mandatory for a "rating" report, which is an employee evaluation. Failure to pass it would adversely affect the officer's rating report, which in turn would affect his advancement. Noetzel was the sergeant in charge of the physical fitness program for officers beneath him.

The weight-lifting equipment was owned by Noetzel. He first began exercising at home with weights in August 1976 with the purpose of preparing for the fitness test. The station where Noetzel was assigned had a room with some weight-lifting equipment but the lockers were in the same room and it was very crowded, making it impossible to exercise there. There was also weight-lifting equipment at the police academy.

---

[1]The decision of the board covers three claims which were consolidated. Each claim relates to a spinal injury. We are only asked to review the award insofar as it is based on a finding that the September 27, 1976, injury (which was first in time) was industrial.

The department allows its personnel to exercise with weight-lifting equipment while off-duty but requests that it be done at a police department facility.

The workers' compensation trial judge found that Noetzel's injury of September 27, 1976, did not arise out of and occur in the course of employment. The opinion of the judge stated: "The injury at home was not a 'service' to the employer. The primary benefit was to [Noetzel] if he could increase his agility and strength to the point where he could pass a future physical fitness test for promotion to a higher paying position."

Noetzel sought reconsideration, and in a two-to-one panel decision the board granted reconsideration and held the injury of September 27, 1976, was compensable.

The board's opinion noted that Noetzel's exercise program was "motivated to exercise himself into good, physical condition which is obviously to his and to his employer's advantage with respect to his ability to carry out employment duties effectively." Referring to *Laeng* v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 771 [100 Cal.Rptr. 377, 494 P.2d 1], and *Dept. of Water & Power* v. *Workmen's Comp. App. Bd. (Antrobus)* (1967) 252 Cal.App.2d 744 [60 Cal.Rptr. 829], the board stated: "Since an injury may be considered compensable when sustained in the course of a test to qualify an employee for a better position (*Antrobus, supra*) and also when sustained in a test which is a precondition to employment (*Laeng, supra*), we conclude that an employee injured while preparing for a mandatory physical agility test which could affect promotion possibilities is an injury arising out of and occurring in the course of employment. The fact that [Noetzel] was injured while lifting weights at home does not alter our opinion. Although the employer officially required off-duty personnel to work out at the department facilities, nevertheless—as [Noetzel] testified—his superior officer was well aware of the weight lifting program being undertaken at [Noetzel's] home. Moreover, it would appear that that [sic] the situs of the exercise program had an insignificant—if any—effect upon the cause of the injury. The injury sustained while lifting weights could very well have occurred whether [Noetzel] was exercising at home or on the employment facilities."

The board majority distinguished the earlier panel decision in *McDowell* v. *WCAB* (1973) 38 Cal.Comp.Cases 415, in which the board had denied benefits to a police officer who had sustained an injury while

engaged in a private physical fitness program which had been undertaken because he had been encouraged by his superiors to stay in good physical condition. In denying benefits, the board there characterized the physical fitness program as McDowell's "self-chosed activity." In distinguishing *McDowell*, the panel majority said: "In the case at bar, however, [Noetzel] undertook his exercise program solely to prepare for a required physical fitness test. Clearly, there is a more direct relationship between [Noetzel's] activity and his employment than mere encouragement."

The dissent argued that the *McDowell* decision was applicable.

## II

■ As the pertinent facts are not in dispute, the court deals only with a question of law. On questions of law the court is not bound by the board's conclusions. (*Dimmig* v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 860, 864-865 [101 Cal.Rptr. 105, 495 P.2d 433].)

"It is frequently stated that for an injury to occur in the course of employment the employee must be engaged in the work he has been hired to perform or some expectable personal act incidental thereto and the injury must occur within the period of his employment and at a place where he may reasonably be for that purpose. [Citation omitted.] However, the mere fact that an injury is sustained outside regular working hours does not preclude an award if the activity is in furtherance of the employer's business. [Citations omitted.] On the other hand, injury sustained outside of working hours is not compensable if the activity causing it is strictly a personal matter, whether on or off the employer's premises. [Citations omitted.]" (*Antrobus, supra,* 252 Cal.App.2d at p. 746.)

As the board opinion points out, the two cases upon which it relied involved injuries sustained while taking tests which were required as a condition of employment. The *Laeng* court pointed out that taking the test constituted both a "benefit" and a "service" to the prospective employer in that the test aided the employer to perform its own function in selecting a qualified employee; and in taking the test the applicant subjected himself to the control of the employer, who assumed responsibility for directing the applicant's activities. (*Laeng, supra,* 6 Cal.3d at pp. 781-782.)

■ Those circumstances are not present in this case. Although the police department required Noetzel to take a physical agility test, there was no requirement that he prepare for it in any particular way or at all. The activity was not on the employer's premises, or under the employer's control, nor was there any benefit to the employer except to the extent that this particular individual might improve his proficiency.

The board's opinion contains the statement that Noetzel's superior officer was "well aware of the weight-lifting program being undertaken at ... home." This is based upon Noetzel's testimony that his lieutenant had become aware of the weight-lifting through "just normal talk." There is no evidence that the department undertook to inquire into or regulate what Noetzel did at home. Under these circumstances the incidental knowledge of a supervisor is not a basis for finding that the home activity occurred in the course of employment.

■ There is a wide variety of occupations in which it is necessary for the employee to maintain or improve physical or mental proficiency in order to continue employment or qualify for advancement. The variety of activities which might be thought to serve those purposes is infinite. When the self-improvement activity is voluntary, off the employer's premises and unregulated, the employer can have little knowledge of the physical risks involved, and no opportunity to minimize or protect the employee against such risks. These circumstances strongly militate in favor of classifying such activities as personal in the absence of some connection with employment other than hoped-for personal improvement. The fact that the employer tested the fitness of the employee periodically should not by itself make a self-improvement program an industrial activity.[2]

The distinction is explained in 1A Larson's Workmen's Compensation Law, section 27.31(a), pages 5-281-5-282: "When an employee, by undertaking educational or training programs, enhances his own proficiency in his work, he does in a sense benefit his employer. On the other hand, self-improvement is primarily the employee's own concern;

[2]In *Haugen* v. *State Acc. Ins. Fund* (1978) 37 Ore.App. 601 [588 P.2d 77, 79], the Oregon appellate court reversed an award of compensation to a police officer who injured his back at home during nonworking hours to meet the job requirement that he maintain "good physical condition" and submit to a biennial physical examination. The court said: "The employee assumes the responsibility for, and correspondingly any attendant risk of, meeting the job qualifications. He may follow a program of careful diet and walking, or engage in vigorous contact sports. In either event, the activity and any injury resulting therefrom is neither in the course of nor does it arise out of the employment."

obviously the ambitious clerk who is burning the midnight oil studying to become an accountant cannot expect workmen's compensation if his lamp blows up. In some situations, however, it may be found that, either by the contemplation of the contract or by custom, the educational activity is part of the employment."

In *Fireman's Fund etc. Co. v. Ind. Acc. Com. (Elliott)* (1952) 39 Cal.2d 529 [247 P.2d 707], a live-in cook/housekeeper sustained injury while on a "recreational" walk with a friend off the employer's premises on her own time after her regular duty hours. The injury was held noncompensable. One of the arguments that the injured made for compensability was that by taking the walk she "was following her medical adviser's recommendation as to a suitable exercise, and so was conditioning herself to perform better the duties of her employment." (*Id.*, at p. 534.) Rejecting that contention, the court stated: "[I]f such theory should be adopted as sufficient to establish the necessary causal connection with the employment, then any injury sustained by an employee in a recreational activity would be compensable." (*Id.* at p. 534.)

*Dimmig v. Workmen's Comp. Appeals Bd., supra,* 6 Cal.3d 860, illuminates the other side of the dividing line. That case arose out of the death of an employee while returning home from night classes at college.

The Supreme Court said at page 866: "The fact that Memorex [the employer] reimbursed 100 percent of the employee's expenses for courses directly related to the job while reimbursing only 50 percent of such expenses for courses not directly related to the job but required for the degree being sought, indicates that the emphasis of the program is on the type of activity which most directly improves the employee's ability to perform his assigned tasks more effectively. This kind of direct benefit is distinguishable from the indirect benefit received by the employer who provides a vacation or health plan for his employees. Such benefits are not directly related to the employee's actual job function, as is the case with the benefit involved here, but only serve to indirectly aid the employee's ability to perform by keeping him healthy and, hopefully, happy. The benefit, to the employer herein, coupled with the fact that the reimbursement was found to be a part of the employee's compensation, compels the conclusion that Dimmig's class attendance was contemplated by the contract of employment and was thus within the course of his employment."

In the present case the home activity of Noetzel was neither required nor encouraged by his employer. In fact, the department's expressed policy had been to encourage exercise at its own facility rather than at home. We conclude that the injury which occurred on September 27, 1976, is not compensable.

The order is reversed and the matter is remanded to the board.

Kingsley, J., and Alarcon, J., concurred.

A petition for a rehearing was denied April 24, 1979, and on April 30, 1979, the opinion was modified to read as printed above. The petition of respondent Noetzel for a hearing by the Supreme Court was denied June 27, 1979.