636 P.2d 898

**Anita LOSINSKI, Plaintiff-Appellee,**

v.

**DRS. CORCORAN, BARKOFF AND STAGNONE, P. A., Employer, and Dodson Insurance Group, Insurer, Defendants-Appellants.**

**No. 5079.**

Court of Appeals of New Mexico.

Nov. 3, 1981.

Jerrald J. Roehl, Ronald W. Henkel, Jerrald J. Roehl & Associates, Albuquerque, for defendants-appellants.

Stephen M. Simone, Farlow and Bradley, P. A., Albuquerque, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendants appeal plaintiff's award of workmen's compensation benefits. The dispositive issue is whether the accident arose out of plaintiff's course of employment. We hold it did not and reverse.

The facts are not disputed. Losinski worked as a part-time receptionist at the offices of Drs. Corcoran, Barkoff and Stagnone. Shortly after arriving at work on July 5, 1979, Losinski ate a doughnut which had been provided by another employee. Doughnuts had been consumed during working hours in the past and the employer did not object to this custom. Occasionally, the employer would furnish the doughnuts. After eating the doughnut, Losinski felt nauseous. For approximately one month prior to the date of the incident in question Losinski had felt nauseous after eating. This was the first time she had felt nauseous at work. Losinski told another employee she felt ill and the employee asked her whether she would like to lie down or go home. Instead, Losinski went to the restroom and placed a pen down her throat to try to induce vomiting. Vomiting was how she had relieved the nauseous feeling in the past. Losinski swallowed the pen and was taken to an emergency room. She was unable to return to work for three weeks and underwent surgery twice.

There are two requirements for an injury to be covered under the Workmen's Compensation Act: it must "arise out of" the employment, and be sustained "in the course of" employment. §§ 52–1–9(B), –28(A), N.M.S.A. 1978; *Velkovitz v. Penasco Independent School District*, 96 N.M. 577, 633 P.2d 685 (1981); *Walker v. Woldridge*, 58 N.M. 183, 268 P.2d 579 (1954). Defendants stipulated that the injury was sustained in the course of employment because the accident happened at work during working hours. The defendants contend the injury did not arise out of the employment because placing the pen in her mouth was not a risk connected with Losinski's employment, nor did the risk flow from the employment as a rational consequence.

Where facts are not in dispute, it is a question of law whether an accident arises out of and in the course of employment. *Edens v. New Mexico Health & Social Services Dept.*, 89 N.M. 60, 547 P.2d 65 (1976). Here, there is no dispute as to the facts. The conclusion of law that the accident arose out of the course of employment is freely reviewable. *Edens, supra; Webb v. New Mexico Pub. Co.*, 47 N.M. 279, 141 P.2d 333 (1943).

To arise out of employment, the injury must be caused by a risk to which the worker is subjected in the employment. *Velkovitz, supra; Gutierrez v. Artesia Public Schools*, 92 N.M. 112, 583 P.2d 476 (Ct. App.1978). Under this definition of "arising out of," in order to uphold the trial judge's ruling, this Court would have to find that putting a pen down one's throat after becoming nauseous on a doughnut eaten at work is a risk to which one is subjected as a receptionist in a doctor's office. We hold Losinski's injury was not caused by a risk incident to her employment. If the compensation claim had been for an injury stemming from the nausea alone, this might be a different case. However, since it was the insertion of the pen into Losinski's mouth which caused the need for surgery, we hold this to be outside of the definition of "course of employment."

Losinski, citing *Whitehurst v. Rainbo Baking Company*, 70 N.M. 468, 374 P.2d 849 (1962), contends the accident was in the course of her employment because it falls within the personal comfort doctrine. This argument is without merit. Before the personal comfort doctrine may be used the "arising out of" requirement must be met. "[W]e conclude that the requirement that the accidental injury 'arise out of' is not eliminated in the application of the [personal comfort] doctrine." *Whitehurst v. Rainbo Baking Company, supra*. The New Mexico cases which have discussed the

doctrine use it to satisfy the "course of employment" requirement, but still require an independent finding that the injury arose out of the employment. *Velkovitz, supra; Whitehurst, supra; Thigpen v. County of Valencia,* 89 N.M. 299, 551 P.2d 989 (Ct.App.1976). Since the course of employment requirement is admitted by defendants, the personal comfort doctrine has no application in this case.

Since we hold the accident did not arise out of Losinski's employment, the award of workmen's compensation benefits is reversed. We remand to the district court for entry of a judgment consistent with this opinion.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.