CITY OF NORTHGLENN and Colorado Compensation Insurance Authority, Petitioners,

v.

Jeannine M. ELTRICH and the Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 94CA1328.

Colorado Court of Appeals, Div. V.

June 29, 1995.*

Rehearing Denied Aug. 3, 1995.

Certiorari Granted Dec. 18, 1995.

* Prior opinion announced April 20, 1995, WITH-    DRAWN. Petition for Rehearing GRANTED.

Michael J. Steiner, Denver, for petitioners.

Fogel, Keating & Wagner, P.C., Marshall A. Fogel, Laurence J. Free, Denver, for respondent Jeannine M. Eltrich.

No Appearance for the Industrial Claim Appeals Office.

Opinion by Chief Judge STERNBERG.

The City of Northglenn (employer) and its insurer, the Colorado Compensation Insurance Authority (CCIA), seek review of a final order of the Industrial Claim Appeals Panel determining that Jeannine M. Eltrich (claimant) suffered a compensable industrial injury. The determinative issue is whether the injury sustained by the claimant while she was engaged in a self-directed, off-duty exercise program is a compensable industrial injury. We conclude that claimant's injury does not satisfy the statutory requirements for compensability and, therefore, set aside the award of benefits.

Claimant was employed as a police officer during the time that employer instituted a mandatory physical fitness testing program. Shortly before her injury, claimant failed to perform satisfactorily on the cardiovascular portion of that test, and her supervisor commented about the need to improve her performance. Claimant testified that this comment caused her to fear losing her job because employer's disciplinary procedure permitted termination upon failure to meet the physical testing requirements. According to claimant, in response to this remark, she began riding a bicycle during off-duty hours in order to improve her physical condition so that she could perform satisfactorily on the cardiovascular test. While doing so, she sustained the injuries for which she sought compensation.

The Administrative Law Judge (ALJ) concluded that off-duty training was mandatory in order to meet the physical testing requirements and that failure to meet the requirements could result in termination. The ALJ further concluded that this implied compulsion to train off-duty caused claimant to engage in bicycle riding, which in turn caused her compensable injury.

The employer contends the conclusion that claimant's injury arose out of and in the course of her employment is contrary to the law and not supported by the evidence. We adopt the ALJ's findings on the facts. Nonetheless, we conclude that those findings do not support the ALJ's legal conclusion that claimant's injury arose out of and occurred within the scope of her employment with Northglenn. *See Dorsch v. Industrial Commission,* 185 Colo. 219, 523 P.2d 458 (1974) (the correctness of a legal conclusion drawn from undisputed facts is properly a matter for the appellate court). Thus, we hold that the ALJ's conclusion was erroneous as a matter of law.

An activity "arises out of and in the course of" employment when it is sufficiently interrelated to the conditions and circumstances under which the employee usually performs his or her job functions that the activity reasonably may be characterized as an incident of employment, even though the activity itself is not a strict obligation of employment and does not confer a special benefit on the employer. *City of Boulder v. Streeb,* 706 P.2d 786 (Colo.1985); *see* § 8–41–301(1)(b), C.R.S. (1994 Cum.Supp.).

The "in the course of employment" requirement is satisfied by showing that an injury occurred within the time and place limits of the employment relation and during an activity that has some connection with the employee's job-related functions. The "arising out of" requirement is met when the origins of the injury are work-related and the injury is sufficiently related to the work to be considered part of the employee's service to the employer. *General Cable Co. v. Industrial Claim Appeals Office,* 878 P.2d 118 (Colo.App.1994).

Both sides in this review rely on *City & County of Denver v. Lee,* 168 Colo. 208, 450 P.2d 352 (1969). There, a police officer was compensated for an injury sustained while playing basketball on an employer-sponsored team. The circumstances of the *Lee* injury make it factually distinguishable from this

case. However, *Lee* sets forth a framework for analysis to determine whether a recreational-type activity arises out of and in the course of employment.

■ This framework includes as factors to be considered: whether the activity occurred during working hours; whether it occurred on or off the employer's premises; whether participation was required; and whether the employer initiated, organized, sponsored, financially supported, or derived a benefit from the activity. Significantly, the *Lee* court added that: "other factors may be present which indicate whether the employer is sufficiently close to the activity to identify with it and make it incidental to employment." *Denver v. Lee, supra,* 168 Colo. at 213, 450 P.2d at 355. In applying these factors, however, the *Lee* court did not establish their relative weight or conclude that their presence required a conclusion that the recreational activity arose out of and occurred in the course of employment.

■ Some of the *Lee* factors are present here: the employee felt compelled to engage in an off-duty exercise program, and the employer stood to benefit, at least indirectly, from the program. Nevertheless, other *Lee* factors are not present: the activity did not occur during working hours; it did not occur on the employer's premises; and it was not financially sponsored by the employer.

■ In analyzing this issue, we are guided by principles set forth in 1 A. Larson, *Workmen's Compensation Law* § 22.00, et seq. (1994), in which a detailed review is made of injuries sustained while exercising. Time and place indicia, *i.e.,* whether the activity occurs on the employer's premises and during work time, are of "unusual potency" in determining compensability. 1 A. Larson, *supra,* § 22.24(b). The degree of employer initiative is significant as is the question of benefit to the employer. 1 A. Larson, *supra,* §§ 22.24(d) and (e).

The injury here did not occur on the employer's premises, nor did the activity occur during working hours. To some extent, as claimant argues, the exercise program during which she was injured was initiated by, and would benefit, the employer; however, the degree of such initiation and benefit is questionable at most, and significantly, there was no direction by the employer as to the type of exercise in which the employee was to engage. *See Price v. ICAO,* 908 P.2d 136 (Colo.App.1995).

Among the cases from other jurisdictions that have addressed the question whether activities generally considered to be recreational or social in nature can be held to be within the course of employment, we find as instructive the ruling in *Meeks v. Eddy County Sheriff's Department,* 118 N.M. 643, 884 P.2d 534 (App.1994). There, the claimant was employed as a deputy jailor and was unable to complete a running test given by the employer within the prescribed time. The employee was to have another chance to pass the test, and he was directed to improve his physical condition. However, when he was told that any physical exercise program would have to be conducted during off-duty hours, he began a jogging program and suffered a heart attack as a result. The administrative board awarded benefits, but the appellate court reversed.

One of the cases relied upon by the *Meeks* court is *Haugen v. State Accident Insurance Fund,* 37 Or.App. 601, 588 P.2d 77 (1978). There, a police officer sought benefits for a back injury suffered at home during non-working hours while exercising with weights. Written job specifications required police officers to be in good physical condition and to maintain acceptable weight limitations.

The Oregon court analyzed its workers' compensation statute, which is similar to Colorado's, and concluded that claimant's injury was *not* compensable because it did not arise out of, and did not occur in the course of, employment. The court reasoned that, while claimant's employment contract required him to maintain himself in good physical condition, and provided for periodic measurement of his physical fitness, the employer did not prescribe "what police officers must do to satisfy those criteria."

The same analysis applies here: the employee assumes a responsibility for meeting the job qualifications and, as stated in *Haugen, supra,* 37 Or.App. at 603, 588 P.2d at 79:

"[H]e may follow a program of careful diet and walking, or engage in vigorous contact sports. In either event, the activity and any injury resulting therefrom is neither in the course of nor does it arise out of the employment."

In a second case relied upon by the *Meeks* court, *City of Los Angeles v. Workers' Compensation Appeals Board,* 91 Cal.App.3d 759, 154 Cal.Rptr. 379 (1979), the court stated:

> Although the police department required [the officer] to take a physical agility test, there was no requirement that he prepare for it in any particular way or at all. The activity was not on the employer's premises, or under the employer's control, nor was there any benefit to the employer except to the extent that this particular individual might improve his proficiency.

These words are appropriate in the instant case.

Consonant with the *Meeks* analysis and the Oregon and California cases it relied on, we hold, as a matter of law, that because claimant's bicycling activity occurred during non-working hours, at an off-premises location not subject to employer's control or supervision, and consisted of an activity not specifically directed by the employer, her injury did not arise out of and was not in the course of her employment and, therefore, her injury is not compensable.

The order is set aside.

DAVIDSON and ROTHENBERG, JJ., concur.