Certiorari Denied, December 6, 2018, No. S-1-SC-37366

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2019-NMCA-007

Filing Date: October 16, 2018

Docket No. A-1-CA-36072

DAVID D. GRIEGO,

      Worker-Appellant,

v.

JONES LANG LASALLE, and

THE HARTFORD,

      Employer/Insurer-Appellee.

APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION
Leonard J. Padilla, Workers' Compensation Judge

Pizzonia Law
Justin P. Pizzonia
Rose Bryan
Albuquerque, NM

      for Appellant

Elmore Law, LLC
Jeffrey P. Stradling
Albuquerque, NM

      for Appellee

## OPINION

VIGIL, Judge.

{1}    David Griego (Worker) appeals from the workers' compensation judge's (WCJ) compensation order denying him workers' compensation for an injury resulting from a trip-and-fall that occurred on the job. Worker argues that the WCJ erred in concluding that his accident did not arise out of and in the course of his employment. *See* NMSA

1978, § 52-1-9 (1973) ("The right to the compensation provided for in [the Workers' Compensation Act (WCA)] . . . shall obtain in all cases where the following conditions occur: . . . at the time of the accident, the employee is performing service arising out of and in the course of his employment and . . . the injury or death is proximately caused by accident arising out of and in the course of his employment[.]"). We reverse.

**BACKGROUND**

**{2}** The material facts are not disputed. Worker is employed by a contractor for Intel, Jones Lang LaSalle (Employer), as a maintenance technician. Worker's duties include "fulfilling tenant service requests and performing preventative maintenance and repairs" at the Intel job site. To fulfill these duties, Worker walks long distances in the corridors of the Intel building, which is over a mile long. Maintenance technicians at Intel walk up to twelve miles each day in the facility's corridors and average eight miles of walking per day.

**{3}** It is Intel's policy for another technician to "spot" the technician performing repairs on a given project for safety reasons due to the dangers of the facility. When spotting another technician, the spotter's job is to observe and call for help if needed.

**{4}** On July 6, 2015, Worker was working as a spotter for another maintenance technician. In order to get to the location of his job assignment, Worker was required to walk in the Intel corridors. As Worker walked to his job assignment, he tripped over his own foot, causing him to fall. As a result of his fall, Worker sustained a fracture to his humerus.

**{5}** There was no substance or object on the floor that caused Worker to fall. There was no sudden noise or bright light that startled Worker when he fell. The floor was even; it had no slope or incline. Nor was there evidence that Worker suffers from any neurological or other deficit, preexisting condition, or infirmity that might have contributed to his fall.

**{6}** Employer's insurer (Insurer) denied Worker's claim for workers' compensation coverage on grounds that Worker's fall was not work-related. Worker filed a complaint with the Workers' Compensation Administration, claiming that he was wrongfully denied workers' compensation. Employer/Insurer responded that Worker "did not suffer an accidental injury arising out of and in the course of his employment, and the accident was not reasonably incident to his employment."

**{7}** After trial on the merits and submission of proposed findings of facts and conclusions of law by the parties, the WCJ entered an order determining that Worker was not entitled to workers' compensation. The WCJ found and concluded that: "[n]o risk reasonably incident to Worker's employment caused Worker's fall or injury[,]" "[t]he risk experienced by Worker was not increased by the circumstances of Worker's employment[,]" and therefore Worker's accident "did not arise out of Worker's employment with Employer." Worker appeals.

**DISCUSSION**

**I.      Standard of Review**

**{8}**      The narrow issue presented in this case is whether Worker's trip-and-fall arose out of and in the course of his employment. "Because the material facts in this case are not in dispute, we review de novo" the question of whether Worker's injury arose out of and in the course of his employment. *Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2014-NMCA-019, ¶ 6, 317 P.3d 866; *see Losinski v. Drs. Corcoran, Barkoff & Stagnone, P.A.*, 1981-NMCA-127, ¶ 4, 97 N.M. 79, 636 P.2d 898 ("Where [the] facts are not in dispute, it is a question of law whether an accident arises out of and in the course of employment.").

**II.      Compensability of Worker's Claim**

**A.      Accidental Injury Arising Out of and in the Course of Employment**

**{9}**      In order for an injured worker to receive compensation under the WCA, the worker "must be performing a service arising out of and in the course of his employment at the time of the accident, and the injury must arise out of and in the course of his employment." *Garcia v. Homestake Mining Co.*, 1992-NMCA-018, ¶ 6, 113 N.M. 508, 828 P.2d 420; *see* NMSA 1978, § 52-1-28 (1987). " 'Arising out of' and 'in the course of employment' are two distinct requirements." *Schultz*, 2014-NMCA-019, ¶ 8. "The principles 'arising out of' and 'in the course of his employment[]' . . . must exist simultaneously at the time of the injury in order for compensation to be awarded." *Garcia*, 1992-NMCA-018, ¶ 6.

**{10}**      " '[A]rising out of' . . . relates to the cause of the accident." *Schultz*, 2014-NMCA-019, ¶ 8; *see Velkovitz v. Penasco Indep. Sch. Dist.*, 1981-NMSC-075, ¶ 2, 96 N.M. 577, 633 P.2d 685 ("For an injury to arise out of employment, the injury must have been caused by a risk to which the injured person was subjected in his employment."); *Kloer v. Municipality of Las Vegas*, 1987-NMCA-140, ¶ 3, 106 N.M. 594, 746 P.2d 1126 ("The term 'arising out of' the employment denotes a risk reasonably incident to claimant's work."). Accidents that generally satisfy this requirement "include those occurring during acts the employer has instructed the employee to perform, acts incidental to the worker's assigned duties, or acts that the worker had a common law or statutory duty to perform." *Schultz*, 2014-NMCA-019, ¶ 8.

**{11}**      The "course of employment" requirement, "on the other hand, relates to the time, place, and circumstances under which the accident takes place." *Schultz*, 2014-NMCA-019, ¶ 8 (internal quotation marks and citation omitted). "[A]n injury occurs in the course of employment when it takes place within the period of employment, at a place where the employee may reasonably be, and while the employee is reasonably fulfilling the duties of employment or doing something incidental to it." *Id.* (internal quotation marks and citation omitted). "The term 'while at work' is synonymous with 'in the course of the

employment.' " *Thigpen v. Valencia Cty.*, 1976-NMCA-049, ¶ 6, 89 N.M. 299, 551 P.2d 989.

## B.    Injury Arising Out of Employment

**{12}**    The real dispute in this case concerns whether Worker's injury arose out of his employment. Worker argues, citing *Ensley v. Grace*, 1966-NMSC-181, 76 N.M. 691, 417 P.2d 885, that falling at work is a neutral risk that gives rise to a rebuttable presumption that the worker's injuries are compensable. Worker further argues that because "it is undisputed that [Worker] was performing activities that he was asked to do by his employer" at the time of his fall—"walking through one of [Intel's] corridors to . . . reach a maintenance job within the facility"—his injury arose from his employment.

**{13}**    In *Ensley*, the bodies of the worker and another coemployee were found in the office where the worker was employed as a bookkeeper. 1966-NMSC-181, ¶ 2. The district court found that the coemployee shot and killed the worker, and then took his own life. *Id.* There was no indication why the worker was shot, nor evidence of misconduct or any contact between the worker and the coemployee, except through their connection at work. *Id.* Under these facts, the district court concluded that the death of the worker "did not arise out of her employment, and that evidence was not produced to establish a causal connection between the death and the employment." *Id.* ¶ 3. On appeal, the estate of the worker contended that the district court erred in concluding that the worker's death did not arise out of her employment. *Id.*

**{14}**    Citing *Larson's Workers' Compensation Law*, our Supreme Court recognized that workplace risks fall into three categories: (1) those associated with the employment; (2) those personal to the claimant; and (3) those having no particular employment or personal character, which Larson refers to as "neutral" risks. *Ensley*, 1966-NMSC-181, ¶ 6. Observing Larson's statements that risks such as being assaulted at work for unexplained reasons fall into the category of neutral risks, the Court classified the worker's death as such. *See id.* ¶¶ 6-9. Further, the Court adopted Larson's position that "[w]hen an employee is found dead under circumstances indicating that death took place within the time and space limits of the employment, in the absence of any evidence of what caused the death," it would "indulge a presumption or inference that the death arose out of the [worker's] employment." *Id.* ¶ 9 (stating that "[t]he theoretical justification is similar to that for unexplained falls and other neutral harms: The occurrence of the death within the course of employment at least indicates that the employment brought deceased within range of the harm, and the cause of harm, being unknown, is neutral and not personal." (internal quotation marks and citation omitted)) Accordingly, because the cause of the worker's death was unexplained, and in the absence of evidence to rebut the presumption, the Court reversed, determining that the worker's death arose from her employment. *Id.* ¶ 10.

**{15}**    "The commonest example" of a neutral risk for which the cause of the harm is "simply unknown" is the unexplained fall. 1 Lex. K. Larson & Thomas A. Robinson, *Larson's Workers' Compensation Law*, § 7.04[1][a], at 7-25 (June, 2018).

If an employee falls while walking down the sidewalk or across a level factory floor for no discoverable reason, the injury resembles that from stray bullets and other positional risks in this respect: The particular injury would not have happened if the employee had not been engaged upon an employment errand at the time. In a pure unexplained-fall case, there is no way in which an award can be justified as a matter of causation theory except by a recognition that this but-for reasoning satisfies the "arising" requirement.

Larson, *supra* § 7.04[1][a]. Consistent with this statement, we conclude that the rationale of the *Ensley* Court—that injury or death resulting from the neutral risk of being assaulted at work for unexplained reasons gives rise to a rebuttable presumption that the injury or death arose out of the worker's employment, where the accident occurs within the time and space limits of the worker's employment—extends to cases of unexplained falls. *See Circle K Store No. 1131 v. Industrial Comm'n of Ariz.*, 796 P.2d 893, 898 (Ariz. 1990) (in banc) ("An injury arises out of the employment if it would not have occurred *but for* the fact that the conditions and obligations of the employment placed claimant in the position where [claimant] was injured. . . . [C]laimant would not have been at the place of injury *but for* the duties of her employment. [Claimant] was required to throw out the trash from her shift, and was performing this duty on her way home. Consequently . . . her [trip-and-fall] injuries 'arose out of' her employment" (internal quotation marks and citation omitted)); *City of Brighton v. Rodriguez*, 318 P.3d 496, 503-06 (Colo. 2014) (holding that an unexplained fall constitutes a "neutral risk" and satisfies the "arising out of" employment requirement for workers' compensation, if the fall would not have occurred but for the fact that the conditions and obligations of employment placed the employee in the position where he or she was injured); *Hodges v. Equity Grp.*, 596 S.E.2d 31, 35 (N.C. Ct. App. 2004) (permitting an inference that the worker's trip-and-fall injury arose from his employment where "the only active force involved was the employee's exertions in the performance of his duties" (internal quotation marks and citation omitted)).

{16}    The undisputed facts of this case are that as Worker walked to a maintenance job assignment at Intel, he tripped and fell, which resulted in an injury to his arm. There was no substance or object on the floor that caused Worker to fall. There was no sudden noise or bright light that startled Worker when he fell. The floor was even; it had no slope or incline. Worker admitted at trial, and camera footage of the accident confirmed, that Worker tripped and fell for no reason other than that "he tripped over his own foot." The WCJ further found that "Worker's accident . . . occurred while Worker was performing his duties as a spotter" and that "[i]n order to get to the location of his job assignment as a spotter, Worker was required to walk in the corridor where he ultimately fell." Under these facts, we conclude that Worker's injury was the result of an unexplained fall, which constitutes a neutral risk under the foregoing authority. These circumstances, therefore, give rise to a rebuttable presumption that Worker's injury arose out of his employment.

**{17}** In this case, Employer/Insurer has failed to rebut the presumption that Worker's injury arose from his employment. Specifically, the evidence showed that Worker "does not suffer from epilepsy, knee dysfunction or deficit, nor dizzy or fainting spells." No evidence was presented that "Worker suffers from any neurological [deficits] or other deficits which might have caused him to fall." Nor was there evidence that Worker has any "preexisting conditions or infirmities that caused or contributed to his fall."

**{18}** Accordingly, we determine that Worker's unexplained trip-and-fall injury arose out of his employment. *See Kennels v. Bailey*, 610 S.W.2d 270, 271-72 (Ark. Ct. App. 1981) (awarding workers' compensation to employee of a kennel who fell and was injured while walking to refill a bottle of disinfectant that she was using to clean kennels, on grounds that the injury from her unexplained fall arose out of her employment); *Metro. Sch. Dist. v. Carter*, 803 N.E.2d 695, 698-99 (Ind. Ct. App. 2004) (affirming award of workers' compensation to a school employee who testified that she fell and was injured for no reason other than that she "tripped over her own two feet" while turning to walk out of a classroom, on grounds that the injury from her unexplained fall arose out of her employment (internal quotation marks omitted)); *Worthington v. Samaritan Med. Ctr.*, 2 N.Y.S.3d 290, 291-92 (N.Y. App. Div. 2015) (affirming award of workers' compensation to a nurse who, during her rounds, fell as she was walking down a hallway when her foot became stuck and she fell forward, on grounds that the injury from her unexplained fall arose out of her employment); *Hubble v. State Accident Ins. Fund Corp.*, 641 P.2d 593, 593-94 (Or. Ct. App. 1982) (awarding workers' compensation to a construction inspector who, while walking down a straight corridor to get to a work assignment at the University of Oregon, fell when his knee simply "buckled" while taking a step, on grounds that his injury from his unexplained fall arose out of his employment).

**{19}** In so concluding, we reject Employer/Insurer's reliance upon *Luvaul v. A. Ray Barker Motor Co.*, 1963-NMSC-152, 72 N.M. 447, 384 P.2d 885; *Berry v. J.C. Penney Co.*, 1964-NMSC-153, 74 N.M. 484, 394 P.2d 996; and *Griego-Melendez v. Souper Salad, Inc.*, No. A-1-CA-29719, 2010 WL 3969296, mem. op. (N.M. Ct. App. Jan. 25, 2010) (nonprecedential). First, as our Supreme Court observed in *Ensley*, 1966-NMSC-181, ¶ 6, *Berry* and *Luvaul*, present fact patterns in which the workers' injuries were caused by risks that were personal to each of them individually, and therefore were noncompensable. *See Berry*, 1964-NMSC-153, ¶¶ 2, 8-13 (affirming denial of a salesperson's claim for workers' compensation on grounds that her injury did not arise out of her employment, where the evidence supported a finding that the salesperson's back sprain that occurred when she picked up some boxes from a table in the store arose out of a risk personal to her—a congenital curve in her lower spine—and was not increased or aggravated by employment); *Luvaul*, 1963-NMSC-152, ¶¶ 1-2, 14, 16, 22-25 (affirming denial of an automobile mechanic's workers' compensation claim on grounds that his fall and resulting injury after becoming dizzy while on the job did not arise out of his employment where the evidence showed that the injury arose from risks personal to him—he had suffered from dizzy spells and fainting feelings for years, as well as had a history of acute brain syndrome possibly due to secondary intoxication). Additionally, because we are not bound by *Griego-Melendez*, a nonprecedential memorandum opinion

of this Court, and because the appeal was decided under the same 'personal risk' analysis applied in *Luvaul*, which we concluded above is inapplicable to this neutral risk case, we decline to follow the case here. *Griego-Melendez*, No. A-1-CA-29719, mem. op. at \*\*1-4.

## C.    Injured in the Course of Employment

{20}    The parties do not dispute, and we agree, that Worker fell and was injured in the course of his employment. Worker's duties as a maintenance technician include "fulfilling tenant service requests and performing preventative maintenance and repairs" at various locations at Intel. On the day he was injured, Worker was working as a spotter for another maintenance technician at Intel. To get to the location of his job assignment as a spotter, Worker was required to walk the Intel corridors. As Worker walked to his job assignment, he tripped over his own foot, causing him to fall and be injured. These facts demonstrate that Worker's fall and injury occurred while he was at work—during the period of his employment, at a place where Worker may reasonably be, and while he was reasonably fulfilling the duties of his employment. *See Schultz*, 2014-NMCA-019, ¶ 8.

## CONCLUSION

{21}    The compensation order of the WCJ is reversed. We remand the case to the Workers' Compensation Administration for further proceedings in accordance with this opinion.

{22}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**DANIEL J. GALLEGOS, Judge**