James C. ROBERTS, Petitioner,

v.

The DEPARTMENT OF PUBLIC SAFETY, State Insurance Fund, and Workers' Compensation Court, Respondents.

No. 57767.

Court of Appeals of Oklahoma, Division No. 2.

Nov. 9, 1982.

Released for Publication by Order of the Court of Appeals Dec. 10, 1982.

Ben A. Goff, Richard A. Bell, Oklahoma City, for petitioner.

Sam Hill, Fred Nicholas, Jr., Oklahoma City, for respondents.

BOYDSTON, Presiding Judge.

James C. Roberts (Worker) appeals judgment of Workers' Compensation Court en banc sustaining trial court's denial of benefits to him on the basis his injury was not one "arising out of and in the course of" his employment as an Oklahoma highway patrolman for The Department of Public Safety (Employer). Based on a review of the record, we find competent evidence to support the findings of the trial court and affirm the denial of benefits.

Worker was injured March 12, 1981, when he was struck in the neck with a racquetball while playing the game at a private

health spa during his lunch hour. He suffered partial facial paralysis and loss of hearing. Employer denied the injury was work-related as required by 85 O.S.1981 § 11.

Employer testified it considered Worker "off duty" on his lunch hour if he was out of uniform, despite his being on 24-hour call. In addition, Employer testified that exercise is not mandatory for troopers, although Patrol rules do mandate that troopers remain fit and in good health. Employer exercised no control over the activities of Worker on his lunch period, but Worker was required to let his superiors know where he was during that time because of being on 24-hour call status.

Worker testified he considered himself "on duty" *and* "on call" during his lunch periods. He considered the requirement of physical fitness, as set out in the Patrol's rules of conduct, to be mandatory and exercised regularly to comply.[1] He testified the Patrol's gymnasium was not in good condition and lacked adequate equipment; therefore, he exercised elsewhere. He explained Employer did not contribute to the cost of his private spa membership, although Employer knew he used it often.

The sole issue is whether the record contains competent evidence to support trial court's finding that Worker's neck injury did not arise out of or in the course of his employment.

The most recent interpretation of the statutory language in § 11 is *Thomas v. Hensel Optical Labs, et al.,* 653 P.2d 201 (1982), wherein the Oklahoma Supreme Court stated in part:

"[C]ompensation is due an injured employee only when his injury satisfies both the requirements of 'arising out of' *and* 'in the course of' his employment. [footnote omitted] These two elements are separate, equal and distinct; they are clearly expressed in conjunctive rather than disjunctive language. Thus, *both* requirements must be met before an injury comes within the purview of the Act. [footnote omitted]

"A determination that an injury *'arises out of'* employment contemplates a causal relationship between the act engaged in at the time injury occurs and the requirements of employment, while a determination that the injury occurred 'in the course of' employment relates to the time, place or circumstances under which the injury is sustained. [footnote omitted]"

.   .   .   .   .

"Whether an injury does arise out of and in the course of a claimant's employment presents an issue of fact. [footnote omitted] On nonjurisdictional issues this court must accept as binding the trial tribunal's findings of fact which are supported by competent evidence. [footnote omitted] *Whenever conflicting or inconsistent inferences may be drawn from undisputed facts, the issue is not one of law but one of fact.* [footnote omitted]"

Recreation-related compensation cases have been carefully and fully collated and analyzed by Judge Wilson in *Warthen v. Southeast Okla. State Univ.,* Okl.App., 641 P.2d 1125 (1982). In that case, a college drama teacher was asked by one of the deans to officiate at an inter-fraternity basketball game on campus. He collapsed on the gymnasium floor and died of a heart attack.

The court, citing 47 A.L.R.3d 566, 571 (1973), framed the issue as:

"[W]hether the event or activity 'is sufficiently related to the employment to justify the conclusion that the injury arose out of and in the course of employment.' . . ."

---

1. Oklahoma Highway Patrol Rules of Conduct, § 2.23 (1979), states:

    "Members shall maintain themselves in good physical condition and possess physical stamina adequate to perform the duties of their position. They shall keep their weight within the bounds of good health and appear-

ance. When a member is found to have physical defects or deficiencies which can be corrected or controlled by medical treatment, medication, or appropriate diet, he shall seek to correct or control such condition. Members shall submit to a physical or psychological examination when ordered to do so."

The court sustained the teacher's award and held:

"Factors to be applied in determining whether . . . [the causal connection between the activity and the employment] is sufficient include, but are not necessarily limited to, the degree to which the employee was compelled, expected, pressured, requested, encouraged, or permitted to participate; the degree of employer sponsorship and control; other circumstances such as whether the activity was regularly conducted on the work premises or during lunch or recreational breaks; and the benefit derived from the activity by the employer."

To illustrate the court stated:

"[L]ack of these factors can be seen in the recent case of *State Farm Ins. Co. v. Workers' Compensation Court*, 609 P.2d 779 (Okl.1980). In that decision, the Court vacated an award of death benefits to the widow of an employee who was killed while riding his motorcycle during a free period at a training conference his employer was conducting at a state lodge. Holding that the accident did not 'arise out of' the decedent's employment, the Court stressed that the employee had gone 35 miles away from the lodge to reach the motorcycle trail he was using and that the employer exercised no 'direction or compulsion' over what the employees did during their free period. In short, the vital causal connection between the employment and the injury was simply not shown."

The court found the "benefits to the employer" to be an essential element of proof and, in that case, to be "clear". Testimony in that case indicated extracurricular activities are considered as important to the college as the regular curriculum.

■ Applying these four factors to the instant case, we find the record falls short of the degree of causal connection necessary to sustain a finding that the injury "arises out of and in the course of" the employment.

First, although Worker feels compelled and encouraged to remain physically fit, Employer does not specify, organize, or sanction any particular form of physical activity; therefore, we conclude the activity in question was voluntary.

■ Second, testimony by Worker indicated no sponsorship or control by Employer other than its requesting that Worker keep it informed of his whereabouts during lunch hour. Being "on call" is not the same as being "on duty". If it were otherwise, all other misfortunes of such an employee including falling out of the bed or the shower would be covered by compensation benefits. For the coverage to be activated, a worker must first be "called" and then be actively preparing for or actually engaged in the business of the employer.

Third, the activity did not take place on the academy premises, although gymnasium facilities were available for other kinds of physical exercise. The game was not part of scheduled or sponsored recreational activity.

■ Fourth, and possibly Worker's strongest factor in his favor, is the degree of employer benefit derived from the activity; *i.e.*, keeping physically fit. He argues a trooper cannot properly perform functions expected of him without being in a reasonably healthy condition. With this proposition, we generally agree; however, it can be argued equally as effectively that exercise benefits a trooper personally to the same extent. When there are two equally valid although conflicting inferences to be drawn, and the inference found by the court to be fact is supported by competent evidence, the trial court's order will not be disturbed on appeal. *Thomas v. Hensel Optical Labs, supra* 653 P.2d at 203.

Accordingly, we affirm.

BACON, J., concurs.

BRIGHTMIRE, J., concurs in result.