Ernest A. VIALPANDO, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; Director, Division of Labor, Department of Labor and Employment; Children's Hospital; and Trans–Continental Insurance Company, Respondents.

No. 87CA1640.

Colorado Court of Appeals, Div. III.

June 23, 1988.

Kavanaugh, Sanford & Celeste, Kathleen T. Kavanaugh, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Industrial Claims Appeals Office and Director, Div. of Labor.

James R. Clifton & Associates, P.C., Diane Murley, Karl A. Schulz, Denver, for respondents Children's Hosp. and Trans–Continental Ins. Co.

HUME, Judge.

Ernest A. Vialpando (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which denied him workmen's compensation benefits following his heart attack. We affirm.

I.

■ We reject claimant's contention that because his heart attack was an aggravation of pre-existing heart disease, he was not required to prove unusual exertion. See § 8–41–108(2.5), C.R.S. (1986 Repl.Vol. 3B). The only exception to the unusual exertion requirement arises when the heart attack is caused by an accident. See *Prestige Homes, Inc. v. Legouffe*, 658 P.2d 850 (Colo.1983). Claimant does not fall within this exception. Although *IML Freight, Inc. v. Industrial Commission*, 676 P.2d 1205 (Colo.App.1983) and *Denver v. Han-*

*sen,* 650 P.2d 1319 (Colo.App.1982) recognize that a worker is entitled to compensation for work-related aggravation of pre-existing diseases, those cases are inapposite because they do not involve heart attacks.

## II.

■ We agree with the Panel that the hearing officer's award of benefits was error. Claimant's normal duties cannot constitute unusual exertion simply because claimant had been feeling ill with "flu-like" symptoms at or near the time of the heart attack. In determining whether a worker has been subjected to unusual exertion, the duties at the time of the heart attack should be compared with the worker's job history. *Claimants in re Death of Kohler v. Industrial Commission,* 671 P.2d 1002 (Colo.App.1983).

Here, the hearing officer did not find claimant's duties near the time of his heart attack to be unusual in kind or quantity when considered in comparison to his job history. Therefore, the heart attack is not a compensable injury.

Claimant nonetheless argues that pursuant to *Beaudoin Construction Co. v. Industrial Commission,* 626 P.2d 711 (Colo. App.1980), his condition while he was ill with flu symptoms should be considered his baseline level of fitness. We disagree.

In *Beaudoin,* we held that the claimant's lack of conditioning during a prolonged period of unemployment should be considered in determining what constituted unusual exertion. We concluded that in determining a new employee's baseline level of fitness, it was necessary to consider the deconditioning effect of his prolonged period of unemployment. Under those peculiar circumstances, we disapproved denial of benefits where the claimant's duties were consistent with industry standards, but were unusual in light of the claimant's personal work history.

■ Here, however, claimant's duties were not unusual in light of his personal work history. Claimant was not a new employee deconditioned by prolonged unemployment. He was an employee of long standing who, after suffering a flu-like illness of short duration, returned to the same duties he had previously performed. The hearing officer concluded that claimant's resumption of his normal duties constituted unusual exertion because of his "lack of health." But the "lack of health" was not found to have resulted from any condition of claimant's employment, and the record would not support such a finding.

■ Moreover, although the hearing officer found that claimant suffered job-related stress, he did not find that unusual conditions of employment near the time of the injury caused abnormal stress. Those cases allowing compensation for stress-related heart problems universally rest upon unusual work circumstances which enhance the claimant's normal level of job-related stress. *See, Boulder v. Streeb,* 706 P.2d 786 (Colo.1985) (fireman under unusual stress because of frustration with policies of newly appointed supervisors suffered heart arythmia resulting in death); *City & County of Denver v. Industrial Commission,* 195 Colo. 431, 579 P.2d 80 (1978) (police officer working overtime and temporarily assuming unusual duties); *Apache Corp. v. Industrial Commission,* 717 P.2d 1000 (Colo.App.1986) (petroleum engineer working unusually long hours under abnormally stressful circumstances); *Carr v. Industrial Commission,* 709 P.2d 52 (Colo. App.1985) (water irrigation commissioner suffered unusual physical and emotional stress in performing abnormal irrigation season activities).

Under the circumstances presented here, we conclude that the Panel correctly determined that there was no evidentiary support for the hearing officer's conclusion that claimant's injury was caused by unusual job exertion.

Claimant's other contentions are without merit.

The order is affirmed.

STERNBERG and METZGER, JJ., concur.