Ervin J. KARLIN, Plaintiff–Appellant,

v.

Ron CONARD and American Golf Corporation, a California corporation, Defendants–Appellees.

No. 92CA2008.

Colorado Court of Appeals, Div. III.

Dec. 30, 1993.

Rehearing Denied Feb. 3, 1994.

Certiorari Denied July 18, 1994.

Strate and Tondre, P.C., David L. Fry, Wheat Ridge, for plaintiff-appellant.

Bain and Marek, P.C., David A. Marek, Boulder, for defendant-appellee Ron Conard.

Avery & Howe, P.C., Edwin A. Howe, II, Denver, for defendant-appellee American Golf Corp.

Opinion by Judge METZGER.

Plaintiff, Ervin J. Karlin, appeals from the district court's summary judgment dismissal of his tort actions against defendants, American Golf Corporation (employer) and Ron Conard (co-employee). In this action premised on injuries sustained by plaintiff in a golf tournament sponsored by the employer, the district court determined that plaintiff's claims were barred by the exclusivity provisions of the Workers' Compensation Act, § 8–40–101, et seq., C.R.S. (1986 Repl.Vol.

3B and 1993 Cum.Supp.) (Act). We agree and affirm the judgment of dismissal.

The pertinent facts are not disputed. Plaintiff was a "volunteer" at the employer's golf course. Although he was not paid wages, he received valuable remuneration in the form of merchandise discounts and unlimited use of the golf course and the practice range. In May 1991, plaintiff was injured when he was thrown from a golf cart driven by defendant Conard, a fellow employee, during a recreational golf tournament sponsored by the employer.

The employer promptly filed an Employer's First Report of Injury as required under the Act and admitted liability for plaintiff's medical benefits. At the time of hearing, plaintiff had received more than $13,000 in workers' compensation benefits.

Plaintiff later filed this negligence action, seeking damages from both the employer and his co-employee Conard. The defendants moved for summary judgment, arguing that they were immune from tort liability under the Workers' Compensation Act.

At the summary judgment hearing, the parties disputed whether a 1989 legislative amendment to the controlling statute, § 8–40–301(1), C.R.S. (1993 Cum.Supp.), had nullified the test established in prior decisional law for determining when recreational activities are within the course and scope of employment. The trial court concluded that the case law test remained valid. The court further found, on the uncontroverted facts, that the golf tournament was within the course and scope of plaintiff's employment. It therefore ruled that the exclusivity provisions of the Workers' Compensation Act barred all claims against both the employer and Conard individually.

### I.

Plaintiff argues that the trial court misconstrued § 8–40–301(1) and the legislative intent underlying the 1989 statutory amendment. We disagree.

### A.

When the undisputed facts establish that an employee is eligible for compensation under the Act, the employee is barred from maintaining a negligence claim against either the employer or a fellow employee. Section 8–41–102, C.R.S. (1993 Cum.Supp.); *Digliani v. City of Fort Collins,* 873 P.2d 4 (Colo.App. 1993); *Rodriguez v. Nurseries, Inc.,* 815 P.2d 1006 (Colo.App.1991).

■ In deciding the issue on a motion for summary judgment, the trial court must determine whether the evidence, viewed in the light most favorable to the non-movant, establishes as a matter of law that the injury arose out of and in the course of the plaintiff's employment. *See Popovich v. Irlando,* 811 P.2d 379 (Colo.1991).

### B.

Here, the requisite employment test is set forth under the statutory definition of employee.

The pre–1989 version of the pertinent statute provided:

‘Employee’ excludes any person employed by [an employer], while participating in a recreational activity *on his own initiative,* who at such time is relieved of and is not performing any prescribed duties.... (emphasis added)

Section 8–41–106(2), C.R.S. (1986 Repl.Vol. 3B).

In 1989, the General Assembly deleted the emphasized phrase "on his own initiative" and changed the term "prescribed duties" to "duties of employment." Colo.Sess.Laws 1989, ch. 67, at 410. Hence, § 8–40–301(1) presently reads:

‘Employee’ excludes any person employed by [an employer], while participating in a recreational activity *who at such time is relieved of and is not performing any duties of employment....* (emphasis added)

Plaintiff argues that the 1989 amendment narrowed the definition of employee such that *all* employees engaged in recreational activities are now excluded from coverage under the Workers' Compensation Act. The trial court disagreed, finding it unlikely that the General Assembly would intentionally ex-

clude all employees engaged in recreational activities without regard for whether the recreational activity was initiated by the employer or inured to the employer's benefit.

Rather, by removing the issue of employee initiative, the court concluded that the General Assembly intended to broaden, not narrow, the scope of § 8–40–301(1). Further, because the phrase, "who at such time is relieved of and is not performing any duties of employment" was retained, the trial court concluded that it is still necessary to determine whether a sufficient nexus exists between the employee's work-related functions and the injury. We agree with the trial court's analysis.

■■■ A statute must be construed to give consistent, harmonious, and sensible effect to all of its parts, consistent with the overall statutory scheme. *Henderson v. RSI, Inc.,* 824 P.2d 91 (Colo.App.1991). A construction that would render any clause or provision unnecessary, contradictory, or insignificant should be avoided. *Rocky Mountain General v. Simon,* 827 P.2d 629 (Colo.App.1992).

■ It is clear that the plaintiff's proposed construction of § 8–40–301(1) would render superfluous the phrase "who at such time is relieved of and is not performing any duties of employment." To give sensible effect to this phrase, we interpret the exclusion under § 8–40–301(1) to mean that a person must be *both* (1) participating in a recreational activity and (2) relieved of and not performing any duties of employment.

■■ This construction is consistent with established case law and the overall statutory scheme. In order for an employee's injury to be compensable under the Act, it must "arise out of and in the course of his employment." Section 8–41–301, C.R.S. (1993 Cum. Supp.). "In the course of employment" generally refers to the time, place, and circumstances under which the injury occurred. The term "arising out of" refers to the causal connection between the employee's work-related functions and the injury. *Popovich v. Irlando, supra.*

As pertinent to recreational activities, prior to the enactment of the predecessor statute to § 8–40–301(1), Colorado courts had adopted a six-prong test for determining when recreational activities fall within the course and scope of employment. These factors are:

1) whether the recreational activity occurred during working hours; 2) whether it was held on or off the employer's premises; 3) whether employee participation was required or encouraged; 4) whether the activity was financially sponsored by the employer; 5) whether the activity was initiated by the employer; and 6) whether the employer received tangible benefits from the activity.... Courts may consider other factors as well which indicate that the activity was sufficiently related to the employment to make it incidental to employment.

*City & County of Denver v. Lee,* 168 Colo. 208, 213, 450 P.2d 352, 355 (1969).

This test was held to have continuing validity following the adoption of the predecessor statute to § 8–40–301(1) in 1977. *AGS Machine Co. v. Industrial Commission,* 670 P.2d 816 (Colo.App.1983); *see also Dunavin v. Monarch Recreation Corp.,* 812 P.2d 719 (Colo.App.1991). *See generally* 1A A. Larson, *Workmen's Compensation Law* § 22.00 (1993).

■ The question, therefore, is whether the 1989 amendment invalidated this traditional test for determining employment coverage of recreational activities. We conclude that it did not.

■ The General Assembly is presumed to be aware of the judicial interpretations of a statute that it amends. *Rauschenberger v. Radetsky,* 745 P.2d 640 (Colo.1987). It is also presumed that a legislative amendment does not change existing law further than is expressly declared or necessarily implied. *5050 S. Broadway Corp. v. Arapahoe County Board of Commissioners,* 815 P.2d 966 (Colo.App.1991).

We agree that the General Assembly's sole intent in deleting the phrase "on his own initiative" was to eliminate the issue of employee initiative. We note that the issue of employee initiative was not a part of the six-part test adopted in *City & County of Denver*

*v. Lee, supra;* that test focuses not on the employee's actions and motivation, but rather, on the actions, motivations, and benefit to the employer.

Further, there is nothing in the 1989 amendment to suggest that the General Assembly intended to repeal this aspect of the prior law, or to exclude all recreational activities from workers' compensation coverage. Indeed, the legislative records reveal that the General Assembly impliedly sanctioned the common law test for determining employment status in recreational contexts and that the phrase "on his own initiative" was deleted solely to remove the issue of employee initiative. *See* 1989 Senate Journal at 512; Tape Recording of the Senate Committee on Business Affairs and Labor, 57th General Assembly, 1st Regular Session (March 6, 1989).

Therefore, we hold that the traditional test remains valid under § 8–40–301(1) in determining whether an employee engaged in a recreational activity is within the coverage of the Workers' Compensation Act.

## II.

█ Plaintiff next argues that a genuine issue of material fact exists as to whether he was within the course and scope of his "employment" at the time of injury. We disagree.

Based on the parties' affidavits and pleadings, and applying the factors under *City & County of Denver v. Lee, supra,* the trial court determined it was undisputed that the golf tournament was sponsored and financed by the employer; that the tournament occurred during normal business hours on the employer's premises; that employee participation was encouraged; and that the defendant-employer derived benefit from its employees' participation in the tournament since it promoted the very recreational activity which the employer was in the business of providing.

The foregoing factors established a prima facie case of employment coverage under the test set forth in *City & County of Denver v. Lee, supra,* and *AGS Machine Co. v. Industrial Commission, supra.*

Once the moving party satisfies its burden of establishing the non-existence of a disputed material issue of fact, an adverse party may not rest on the mere allegations of his or her pleadings, but must by affidavit or otherwise set forth specific facts showing there is a genuine issue for trial. C.R.C.P. 56(e) *Reisig v. Resolution Trust Corp.,* 806 P.2d 397 (Colo.App.1991).

Here, the plaintiff failed to rebut any of the material factual allegations set forth above. Moreover, the plaintiff specifically alleged in his complaint that his co-employee Conard was acting within the course and scope of his employment, thereby removing any factual issue as to coverage of Conard's actions. *See Kandt v. Evans,* 645 P.2d 1300 (Colo.1982).

The plaintiff's conclusionary assertion that a genuine issue of fact existed was insufficient to defeat the motion, and the trial court correctly granted summary judgment in favor of both defendants.

Judgment affirmed.

PLANK and HUME, JJ., concur.