**Max D. PRICE, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; Colorado Department of Corrections; and Colorado Compensation Insurance Authority, Respondents.**

No. 94CA0555.

Colorado Court of Appeals,
Div. III.

April 20, 1995.*

As Modified on Denial of Rehearing
April 20, 1995.

Certiorari Granted Dec. 18, 1995.

* Opinion previously announced as non-published     February 9, 1995 is now selected for publication.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, Wilcox & Ogden, P.C., Ralph Ogden, Denver, for petitioner.

No appearance for respondent Indus. Claim Appeals Office.

Paul Tochtrop, Michael J. Steiner, Denver, for respondents Colorado Dept. of Corrections and Colorado Compensation Ins. Authority.

Opinion by Judge JONES.

Petitioner, Max D. Price, appeals from the final order of the Industrial Claim Appeals Office that held that his 1988 injury did not arise out of and in the course of his employment and denied him temporary disability benefits for an admitted 1987 industrial injury. We affirm.

The petitioner filed claims for injuries incurred in 1983, 1987, and 1988. The claim as to the 1983 injury was not timely filed and is not at issue in this appeal.

In 1987, the petitioner injured his back while trying to open a faulty warehouse door. There was conflicting testimony whether he lost time from work following this incident. The Administrative Law Judge (ALJ) awarded authorized, related, reasonable, and necessary medical benefits related to this injury.

Petitioner testified that the 1988 injury occurred while he was exercising at home. He related that he was exercising because his supervisor had told him to lose weight in order to retain his job and opportunities for promotion. This injury was ultimately disabling and led to the petitioner terminating his employment with the Department of Corrections. However, the ALJ determined that this injury did not arise out of and in the course of the petitioner's employment because the great weight of the evidence showed little or no connection between his employment and the injury.

The ALJ noted that the supervisor did not instruct the petitioner to follow a particular exercise program or to engage in the particular maneuver that led to the injury, did not offer to pay for equipment or a spa, and did not authorize time off for exercising. Apart from the petitioner's testimony, there was no evidence that the Department of Corrections mandated, instructed, or directed the petitioner to exercise. Also, there was no disciplinary action or warning against the petitioner for diminished physical condition.

On review, the Panel considered whether the 1988 injury arose out of and in the course of employment but it found no cases addressing the compensability of off-duty injuries sustained while an employee is engaged in physical exercise either mandated or encouraged by the employer. It was guided, however, by cases from other jurisdictions involving employer-sponsored recreational activities and the factors developed in those cases for determining whether an activity was within the scope of employment. These cases included *Roberts v. Department of Public Safety,* 654 P.2d 1088 (Okla.App.1982); *Warthen v. Southeast Oklahoma University,* 641 P.2d 1125 (Okla.App.1981); *Haugen v. State Accident Insurance Fund,* 37 Or.App. 601, 588 P.2d 77 (1978).

The Panel concluded that the ALJ's factual findings that the Department of Corrections did not interject itself into the petitioner's exercise program to warrant compensability were supported by the evidence.

In reaching this conclusion, the Panel considered the definition of an "employee" when engaged in recreational activity under § 8–40–301(1), C.R.S. (1994 Cum.Supp.). However, the Panel correctly observed that the statutory definition is not dispositive of whether an injury arose out of and in the course and scope of employment. *See AGS Machine Co. v. Industrial Commission,* 670 P.2d 816 (Colo.App.1983).

I.

The petitioner contends that the Panel and ALJ erred in concluding that the 1988 injury did not arise out of and in the course of his employment. Relying principally on *Dunavin v. Monarch Recreation Corp.,* 812 P.2d

719 (Colo.App.1991), he argues that injuries sustained during activities engaged in at the insistence, and for the benefit, of the employer are compensable. We conclude that the petitioner's reliance on the *Dunavin* case is misplaced, and disagree with his contention.

■ "Arising out of" and "in the course of" employment are not synonymous terms in workers' compensation law. "In the course of employment" means "the time, place, and circumstances under which the injury occurred." "Arising out of" refers to an injury which "has its origin in an employee's work-related functions and is sufficiently related thereto as to be considered part of the employee's service to the employer." *Popovich v. Irlando*, 811 P.2d 379, 383 (Colo.1991).

These concepts have been applied to recreational activities encouraged or sponsored by employers in addition to recreational activities as an emolument of employment. *See Dunavin v. Monarch Recreation Corp.*, supra; *AGS Machine Co. v. Industrial Commission*, supra; *Denver v. Lee*, 168 Colo. 208, 450 P.2d 352 (1969).

■ Although we agree with the Panel that recreational activities are not identical to the situation before us, we consider the factors in *Denver v. Lee*, supra, to be instructive. There, the supreme court set forth several factors to consider in determining whether a recreational activity falls within the scope of and arises out of employment. The factors include whether the activity occurred during working hours; whether it was on or off the employer's premises; whether participation was required; whether the employer took the initiative in organizing or sponsoring the activity; whether the employer made contributions to the activity; and whether the employer derived a benefit from the activity. *See Roberts v. Department of Public Safety*, supra; *Warthen v. Southeast Oklahoma University*, supra; *Haugen v. State Accident Insurance Fund*, supra.

■ The pertinent facts before us are that the injury did not occur during the claimant's working hours nor on the employer's premises. While the employer considered physical fitness to be a job qualification, the employer did not prescribe any particular program for attaining or maintaining physical fitness; nor did it contribute either work time, time off, or equipment to employees to assist them in fitness programs. While an exhibit concerning staff physical fitness was admitted into evidence, that the claimant alleged was a department regulation and that he testified he received from his supervisor, the document was admitted not for the truth of the matter asserted therein. Therefore, the ALJ correctly determined that, other than the claimant's allegations that his supervisor instructed him to exercise, "no other evidence exists that [the employer] in any way mandated, instructed or directed Claimant to engage in an exercise program."

Also, there was no evidence that the employer tested physical fitness, either at the time of hiring or periodically during employment; nor was there any evidence of particular job requirements which related to physical fitness. Additionally, the employer was not shown to have benefitted from the specific exercise in which the claimant engaged.

On this record, we agree with the Panel's conclusion that the specific exercise program was not sufficiently controlled by the employer for the resulting injury to be compensable.

## II.

■ The petitioner also contends that the ALJ erred in the factual determination that the 1988 injury was the sole contributor to his present disability. We disagree.

As the Panel pointed out, the ALJ's factual determination concerning apportionment between two injuries must be upheld if supported by sufficient evidence. *State Compensation Insurance Fund v. Industrial Commission*, 697 P.2d 807 (Colo.App.1985).

Our review of the record shows that the petitioner continued to work and was promoted following the 1987 injury, and the medical evidence cited by the ALJ supports his finding. Thus, we will not set aside this factual determination. *See May D & F v. Industrial Claim Appeals Office*, 752 P.2d 589 (Colo.App.1988).

The order is affirmed.

HUME and TAUBMAN, JJ., concur.