**Max D. PRICE, Petitioner,**

v.

**THE INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; The Colorado Department of Corrections; and the Colorado Compensation Insurance Authority, Respondents.**

**Jeannine M. ELTRICH and the Industrial Claim Appeals Office of the State of Colorado, Petitioners,**

v.

**CITY OF NORTHGLENN and Colorado Compensation Insurance Authority, Respondents.**

Nos. 95SC303, 95SC535.

Supreme Court of Colorado,
En Banc.

June 17, 1996.

Rehearing Denied (95SC535) July 29, 1996.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, for Petitioner Max Price in No. 95SC303.

Fogel, Keating & Wagner, P.C., Marshall A. Fogel, Laurence J. Free, Denver, for Petitioner Jeannine Eltrich in No. 95SC535.

Colorado Compensation Insurance Authority, Michael J. Steiner, Denver, for Respondents.

Chief Justice VOLLACK delivered the Opinion of the Court.

We granted certiorari to review the decisions of the court of appeals in *Price v. Industrial Claim Appeals Office*, 908 P.2d 136 (Colo.App.1995), and *City of Northglenn v. Eltrich*, 908 P.2d 139 (Colo.App.1995). In both cases, the court of appeals held that the respective claimants' injuries are not compensable under the Colorado Workers' Compensation Act, §§ 8–4–101 to 8–47–209, 3B C.R.S. (1995 Supp.). We affirm the judgment of the court of appeals.

## I.

### *Price*

The Colorado Department of Corrections (DOC) employed petitioner Max Price (Price) as a prison guard. While hanging upside down from a chin-up bar in his home on July 3, 1988, Price fell and landed on his neck, causing him injury. At a hearing before an Administrative Law Judge (ALJ), Price testified that prior to the injury, his supervisor had told him that in order to retain his job and opportunities for promotion, he would be required to lose some weight. Price's supervisor also provided him with a copy of the DOC's regulations, which provide that DOC employees have the responsibility to maintain the physical condition necessary to perform the duties of their positions. Price further testified that it was as the result of these communications from his supervisor that he was exercising on the chin-up bar at home when the injury occurred.

Price subsequently filed a workers' compensation claim in order to obtain compensation for this injury. After a hearing, the ALJ held that the injury was not compensable because Price's injury did not arise "out of and in the course of the employee's employment." The ALJ further stated:

Respondent Colorado Department of Corrections should not be held liable for benefits where Claimant was free to choose not only the type of physical exercise that he engaged in, but where, when, and how frequently he performed those exercises. To affirm an award of benefits would allow Claimant to choose highly dangerous exercise activities under the guise of job-related physical fitness.

ALJ Order dated May 27, 1993, at 14–15. The ALJ thus concluded that Price's July 3, 1988 injury did not result in a compensable injury. The Industrial Claims Appeals Office (ICAO) affirmed. Price subsequently appealed to the Colorado Court of Appeals, which affirmed the ICAO, holding that "the

specific exercise program was not sufficiently controlled by the employer for the resulting injury to be compensable." *Price*, 908 P.2d at 138.

### Eltrich

The City of Northglenn, Colorado, employed petitioner Jeannine Eltrich (Eltrich) as a police officer. In 1990, the Northglenn Police Department (the Department) instituted a physical fitness program (the program) which required that all police officers maintain certain fitness levels. The program required that all officers take a physical fitness examination every three months to verify that they continue to meet the appropriate standards.[1]

In June of 1991, Eltrich failed the running portion of the physical fitness examination. At a hearing before an ALJ, Eltrich testified that after failing the test, one of her supervisors warned her that she had "better run the next one." At this time, Eltrich testified, she felt that the Department was about to take disciplinary action against her. Evidence was also presented at the hearing that Eltrich smoked two packs of cigarettes a day. In an attempt to improve her cardiovascular system to the extent necessary to comply with the Department's fitness requirements, Eltrich began to ride her bicycle during her off-duty hours. On June 14, 1991, Eltrich fell from her bicycle and suffered injuries while riding in the vicinity of her home.

Eltrich subsequently filed a workers' compensation claim in order to obtain compensation for her injuries. After a hearing, the ALJ held that Eltrich's injuries are compensable because the accident causing the injuries arose out of and in the course of Eltrich's employment with the department. The ICAO affirmed the ALJ's order.

On appeal, the court of appeals initially affirmed the ICAO's order. *City of Northglenn v. Eltrich*, No. 94CA1328 (Colo.App. April 20, 1995) (*Eltrich I*). In so holding, the court noted that the Colorado courts had not previously addressed the compensability of injuries sustained by an employee who engages in off-duty exercise when that exercise is mandated or encouraged by the employer. The court thus looked to cases addressing the compensability of work-related recreational activities. The court utilized the test from *City and County of Denver v. Lee*, 168 Colo. 208, 450 P.2d 352 (1969), and held that those factors indicated that Eltrich's injuries are compensable.

The *Lee* factors, as stated by the court in *Eltrich I*, are

> whether the activity occurred during working hours; whether it occurred on or off the employer's premises; whether participation was required; whether the employer took the initiative in sponsoring or organizing the team; whether the employer made contributions to the team; and whether the employer derived a benefit from the team.

*Eltrich I*, No. 94CA1328, slip op. at 3–4. The court clarified that

> [a]lthough not all these recreational factors are applicable here, the similarities are sufficiently close to provide a usable framework for analyzing the case of off-duty exercise.

*Id.* at 4.

The court then noted:

> The evidence showed that employer established the physical fitness testing program and that disciplinary action could result from failure to meet certain standards. Claimant feared such repercussions after she again failed the test and suffered her supervisor's rebukes. Additionally, there was evidence that employer benefitted from claimant's off-duty exercise program, and employer provided no exercise facilities or time within which to exercise. These findings support the conclusion that the injury was compensable.

*Id.* The court of appeals thus affirmed the ICAO's order affirming the ALJ.

Petitioner Colorado Compensation Insurance Authority (CCIA) then filed a petition for rehearing, which the court of appeals

---

1. The test consisted of a three-minute step exercise, a one-and-a-half-mile run, a bench-press exercise, and a sit-up exercise.

granted. On rehearing, the court of appeals withdrew its prior opinion and issued a new opinion setting aside the award of benefits to Eltrich. *City of Northglenn v. Eltrich,* 908 P.2d 139 (Colo.App.1995) (*Eltrich II* ). In *Eltrich II,* the court held that the ALJ's factual findings did not support the ALJ's legal conclusion that Eltrich's injuries arose out of and occurred within the scope of Eltrich's employment.

The *Eltrich II* court also applied the *Lee* factors, but stated that "whether the activity occurs on the employer's premises and during work time[ ] are of 'unusual potency' in determining compensability." *Eltrich II,* 908 P.2d at 141 (citing 1 Arthur Larson, *Workmen's Compensation Law* § 22.24(b) (1994)). Consequently, the court held that

> because claimant's bicycling activity occurred during non-working hours, at an off-premises location not subject to employer's control or supervision, and consisted of an activity not specifically directed by the employer, her injury did not arise out of and was not in the course of her employment. . . .

*Id.* at 142. The court thus reversed the ICAO's order and held that Eltrich's injuries are not compensable.

The petitioners then petitioned this court for certiorari. We granted certiorari in both cases and consolidated the cases because of the similar issues involved.

## II.

Both petitioners contend that their injuries arose out of and in the course of their employment and thus should be compensable. We disagree. Although under certain circumstances, injuries incurred during off-duty exercise might be compensable under the Workers' Compensation Act, neither of the factual scenarios before us presents such circumstances.

In order to be compensable under the Workers' Compensation Act, an injury incurred by an employee must arise out of and in the course of the employee's employment. § 8–41–301, 3B C.R.S. (1995 Supp.). An activity arises out of and in the course of employment when it is sufficiently interrelated to the conditions and circumstances under which the employee generally performs his job functions that the activity may reasonably be characterized as an incident of employment, although the activity itself is not a strict employment requirement and does not confer an express benefit on the employer. *City of Boulder v. Streeb,* 706 P.2d 786, 791 (Colo.1985).

This court has not heretofore determined whether injuries incurred by an employee who is engaged in off-duty exercise that is mandated or encouraged by an employer are compensable under the Workers' Compensation Act. In analyzing this issue, the court of appeals looked to the factors utilized by this court in *City and County of Denver v. Lee,* 168 Colo. at 213, 450 P.2d at 355. In *Lee,* the question was whether an injury incurred by an employee engaging in a work-related recreational activity arises out of and in the course of employment for workers' compensation purposes.[2] We agree with the approach taken by the court of appeals; however, we modify the test slightly in order to render it more appropriate for the type of inquiry at hand.

In order to determine whether an injury suffered by an employee while engaging in an exercise program is compensable under the Workers' Compensation Act, a court should look to the following factors: (1) Whether the injury occurred during working hours; (2) whether the injury occurred on the employer's premises; (3) whether the employer initiated the employee's exercise program; (4) whether the employer exerted any control or direction over the employee's exercise program; and (5) whether the employer stood to benefit from the employee's

---

**2.** The statutory requirements that an injury, to be compensable, must "arise out of" employment and must occur "in the course of employment" are not synonymous. *Triad Painting Co. v. Blair,* 812 P.2d 638, 641 (Colo.1991). The phrase "arising out of" refers to the causal relationship between the employment and the injury, while "in the course of" refers to the time, place, and circumstances under which the injury occurred. *Id.* The test we articulate today takes into consideration the nuances of each of these phrases.

exercise program. In applying this test, we give greater weight to factors (1) and (2) because these indicia of time and place of injury are particularly strong indicators of whether an injury arose out of and in the course of the employee's employment. *See* Larson, *Workmen's Compensation Law* § 22.24(b).

■ Applying the foregoing test to the cases before us, we hold that the court of appeals correctly held that neither Price's nor Eltrich's injuries are compensable under the Workers' Compensation Act. Examining the circumstances surrounding Price's injury first, we initially note that Price fails to meet the first two factors of the test, as his injury occurred off-duty and off the premises of his employer. Therefore, Price must make an extremely strong showing on the other factors in order to prevail on his claim. This he fails to do.

Although Price's supervisor initiated Price's exercise program by instructing him to lose weight and to exercise in order to retain his job, the DOC exerted no control over Price's exercise program. The DOC furnished none of the equipment involved in Price's exercise program, and did not direct Price as to the type of exercise in which he was to engage. The DOC certainly did not instruct Price to hang upside-down from a chin-up bar in his home.

To some extent, the DOC stood to benefit from Price's exercise program as such would provide DOC with a physically fit employee. However, fitness was a qualification of Price's employment in the first place and we thus do not give this factor very much weight in this case. As the Oregon Court of Appeals stated in a similar case,

> [t]he critical fact is that the risk of injury from claimant's physical conditioning program did not arise out of but rather was a condition to or qualification for the employment. Claimant's employment contract requires that he maintain himself in good physical condition and establishes objective criteria in terms of weight and a biennial physical for measuring that qualification. The employer does not prescribe what police officers must do to satisfy those criteria. The employee assumes the responsibility for, and correspondingly any attendant risk of, meeting the job qualifications. He may follow a program of careful diet and walking, or engage in vigorous contact sports. In either event, the activity and any injury resulting therefrom is neither in the course of nor does it arise out of the employment.

*Haugen v. State Accident Ins. Fund,* 37 Or. App. 601, 604–05, 588 P.2d 77, 79 (1978).[3] The reasoning of the *Haugen* court is sound and applies to the facts before us. We therefore hold that the court of appeals correctly ruled that Price's injury occurring on July 3, 1988, is not a compensable injury under the Workers' Compensation Act.

■ Turning next to Eltrich's injuries, we observe that Eltrich also fails the first two factors of the test: her injuries occurred off-duty and off the premises of her employer. Eltrich is unable to make a strong enough showing on the remaining factors in order to prevail in her case. Arguably, Eltrich makes a stronger showing on employer initiative than did Price, as she undertook her exercise program pursuant to direct orders from her superiors that she pass a required physical examination. However, as in the Price case, Eltrich's employer exerted no control over Eltrich's exercise program. The Department furnished none of the equipment involved in Eltrich's exercise program, and did not direct Eltrich as to the type of exercise in which she was to engage.

As was the case with Price's employer, Eltrich's employer stood to benefit from Eltrich's exercise program as such would provide the Department with a physically fit

---

**3.** In *Haugen,* a police officer incurred a back injury while weight lifting at home during his off-duty hours. The injured officer was following a self-designed exercise program in order to meet the physical fitness requirements provided in the job specifications for police officers. Based on the reasoning quoted above, the court held that the officer's injury was not compensable because it did not occur in the course of or arise from the officer's employment. *See also Meeks v. Eddy County Sheriff's Dep't,* 118 N.M. 643, 646, 884 P.2d 534, 537 (App.) (holding that an employee was not entitled to compensation for suffering an injury from self-directed, off-duty athletic activity), *cert. denied,* 118 N.M. 731, 885 P.2d 1325 (1994).

employee. However, fitness was a qualification of Eltrich's employment as a police officer, and as stated above, we therefore do not give this factor much weight. We thus hold that the court of appeals correctly ruled that Eltrich's injuries are not a compensable injury under the Workers' Compensation Act.

### III.

Based on the foregoing reasoning, we hold that neither Price nor Eltrich is eligible for compensation pursuant to the Workers' Compensation Act. We thus affirm the judgments of the court of appeals.