**WACKENHUT CORPORATION and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Patricia A. Hermann, Respondents.**

No. 97CA0726.

Colorado Court of Appeals, Div. A.

Dec. 11, 1997.

Rehearing Denied Jan. 15, 1998.

As part of his employment as a security guard for employer, decedent was required to undergo an annual physical examination and physical stamina test. Despite documented medical evidence of chest pain, an abnormal EKG, and a history of high blood pressure, decedent's physical examination took place on July 12, 1995, and he was declared fit to attempt the physical stamina testing. For the stamina test, decedent needed to run specified distances within certain time limits, and he was required to attempt the test runs between August 9 and October 14, 1995.

Employer maintained a gym on the work site and paid decedent and other workers to participate in physical fitness activities at the gym. The Administrative Law Judge (ALJ) found that, although decedent participated in physical activity year-round, the imminence of the stamina test involved increasing his level of preparatory physical activity.

On August 13, 1995, after completing his security duties, decedent went to employer's gym to exercise. A co-worker testified that he saw decedent running on the treadmill in the gym between 5:30 and 5:45 p.m. After leaving the gym, decedent entered his car to drive home. At 6:20 p.m., when he was approximately 10 minutes from the employer's worksite, decedent had a heart attack and died in a one-car accident.

Crediting a physician's report, the ALJ concluded that decedent's heart attack was caused by unusual exertion arising out of and in the course of his employment. Accordingly, claimant was awarded death benefits, and the Panel affirmed.

I.

At the outset, we note that this case involves the interplay between the so-called "heart attack statute," § 8–41–302(2), C.R.S. 1997, and the test set forth in *Price v. Industrial Claim Appeals Office*, 919 P.2d 207 (Colo.1996), for compensability of injuries sustained while exercising to maintain physical fitness for employment.

■ The heart attack statute provides that disability or death caused by a heart attack is

Senter Goldfarb & Rice, L.L.C., Joel S. Babcock, Kathleen M. North, Denver, for Petitioners.

No Appearance for Industrial Claim Appeals Office.

The Frickey Law Firm, Janet L. Frickey, Lakewood, for Respondent Patricia A. Hermann.

Opinion by Judge JONES.

Petitioners, Wackenhut Corp. (employer) and its insurer, National Union Fire Insurance Co., seek review of a final order of the Industrial Claim Appeals Office (Panel) awarding workers' compensation benefits to Patricia A. Hermann (claimant) for the death of her husband, Glen Hermann (decedent). We affirm.

not compensable "unless it is shown by competent evidence that such heart attack was proximately caused by an unusual exertion arising out of and within the course of the employment." Section 8–41–302(2), C.R.S. 1997.

This determination involves a two-pronged causation test. First, it must be shown that the heart attack was proximately caused by unusual exertion. Secondly, that exertion must arise out of and in the course of the employment. *Kinninger v. Industrial Claim Appeals Office,* 759 P.2d 766 (Colo.App. 1988)(even if the events preceding the heart attack did amount to unusual exertion, the finding that these events did not cause it to occur precludes the claim for benefits).

■ When the alleged unusual exertion is exercise performed for the purpose of maintaining employment-related physical fitness requirements, the *Price* test measures whether that exertion arises out of and in the course of the employment. In *Price,* the court set forth the following five factors to test this assertion: (1) whether the injury occurred during working hours; (2) whether the injury occurred on the employer's premises; (3) whether the employer initiated the employee's exercise program; (4) whether the employer exerted any control or direction over the employee's exercise program; and (5) whether the employer stood to benefit from the employee's exercise program.

The *Price* court expressly recognized that these five factors take into consideration the nuance of the phrases "arising out of" and "in the course of." Thus, as a threshold matter, we conclude that, in heart attack cases where the alleged unusual exertion is exercise, the *Price* test is the appropriate means for gauging the second causation component of the heart attack statute.

■ It follows, then, that we reject employer's assertion that the *Price* test is inapplicable here because it applies only to "off-duty" exercise. The first two factors of the test, whether the exercise occurred during work hours and on the employer's premises, belie that assertion. Indeed, if we were to read *Price* so narrowly such that it would apply only to off-duty exercise, the first two

factors would be rendered meaningless. To the contrary, these two factors are given even greater weight "because these indicia of time and place of injury are particularly strong indicators of whether an injury arose out of and in the course of the employee's employment." *Price v. Industrial Claim Appeals Office, supra,* 919 P.2d at 211.

## II.

■ Having clarified the legal analysis governing this case, we turn next to petitioner's contentions that the Panel erred in concluding that decedent's heart attack was caused by "unusual" exertion. They argue that because the ALJ found that decedent exercised regularly to meet the physical requirements of his employment, the record is insufficient to support a finding that the exercise engaged in by decedent just prior to his death was "unusual." We perceive no error.

■ In determining whether an employee has been subjected to unusual exertion, the court should compare the duties at the time of the heart attack with the employee's job history. *Vialpando v. Industrial Claim Appeals Office,* 757 P.2d 1152 (Colo.App.1988). However, the exertion does not need to be different in nature from the employee's usual work. *See Apache Corp. v. Industrial Commission,* 717 P.2d 1000 (Colo.App.1986)(unusual exertion found where petroleum engineer worked unusually long hours under abnormally stressful circumstances); *Claimant in re Carr v. Industrial Commission,* 709 P.2d 52 (Colo.App. 1985)(even though employee was performing normal and routine duties at the time he suffered heart attack, where the amount of work performed by him on that day required significantly greater physical exertion and involved substantially more emotional stress than did his normal work, those duties constituted unusual exertion).

■ The determination of whether a claimant has sustained the burden of proving "unusual exertion" is a question of fact for resolution by the ALJ. *Apache Corp. v. Industrial Commission, supra.* Such findings are binding on review if supported by evi-

dence in the record. *Prestige Homes, Inc. v. Legouffe,* 658 P.2d 850 (Colo.1983).

Here, the ALJ was persuaded by the co-worker's testimony that decedent had increased his level of exercise in anticipation of the annual physical fitness testing. Similarly, claimant testified that before the annual, mandatory run, decedent would engage in increased running activity. This testimony constitutes substantial evidence supporting the ALJ's finding that decedent increased the frequency and intensity of his exercise program for purposes of preparing himself for the annual test.

Since the ALJ could, and did, reasonably infer that this exertion was "unusual" for decedent, we may not interfere with that determination. *See Metro Moving & Storage Co. v. Gussert,* 914 P.2d 411 (Colo.App.1995) (if two equally·plausible inferences may be drawn from the evidence, reviewing court may not substitute its judgment for that of the ALJ).

We reject the petitioners' remaining arguments as to why the exertion was not "unusual."

### III.

■ Petitioners also contend that the Panel erred in finding that claimant met the compensability test set forth in *Price.* Again, we disagree.

Claimant was not required to prove each of the five elements of the *Price* test, as they are not conjunctive requirements. And, the fact that decedent's heart attack did not occur during working hours and on employer's premises is not dispositive. Rather, claimant must prove that the unusual exertion which *proximately* caused the heart attack arose out of and within the course of the employment. Therefore, the pertinent issue is whether the increased physical activity which caused decedent to suffer a heart attack occurred during work hours or on employer's premises, and met any of the other *Price* factors.

Since a co-worker testified that decedent was in employer's gym during work hours, the record supports the ALJ's determination that decedent's unusual exertion occurred on employer's premises and during work hours. Thus, the first two factors enumerated in *Price* were met. Petitioners concede that employer initiated the exercise program and that decedent's exercise benefited employer. Therefore, the third and fifth *Price* factors have been met.

The fourth factor, whether the employer exerted any control over the employees' exercise program, may be established by evidence that the employer provided the exercise equipment and directed the type of exercise the employees were required to perform. *Price v. Industrial Claim Appeals Office, supra.*

Here, employer provided a gym equipped with a treadmill and paid decedent to engage in exercise. And, unlike in *Price,* decedent signed employer's written fitness maintenance program verification, which defined the type, frequency, duration, and intensity of the exercise for which he would be paid.

Under these circumstances, the ALJ's finding that the death caused by the heart attack was compensable is consistent with the principles announced in *Price.*

The order of the Panel is affirmed.

ERICKSON and PIERCE, JJ.*, concur.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.