**DOVER ELEVATOR COMPANY and Liberty Mutual Insurance Company, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and Laura Dickerson, Respondents.**

**No. 97CA2155.**

Colorado Court of Appeals, Div. I.

June 11, 1998.

Collins & Pringle, LLC, Patrick J. Collins, Dwight L. Pringle, Denver, for Petitioners.

No Appearance for Industrial Claim Appeals Office.

The Elliott Law Offices, James E. Elliott, Jr., Mark D. Elliott, Arvada, for Respondent Laura Dickerson.

Opinion by Judge JONES.

Petitioners, Dover Elevator Company (employer) and its insurer, Liberty Mutual Insurance Company, seek review of a final order of the Industrial Claim Appeals Office (Panel) which determined that Laura Dickerson (claimant) suffered a compensable injury. We affirm.

Claimant injured her right knee while bowling during an off-premises company Christmas party arranged by employer. The Administrative Law Judge (ALJ) found that the testimony of claimant and several witnesses, as well as an exhibit, established that attendance at the Christmas party was mandatory. The ALJ also found that, although the party was held away from the company's premises, it was at a bowling center chosen by a supervisor; that the activity occurred during normal working hours; and that the employer initiated, organized, sponsored, and paid for the party. The ALJ also found that employee morale had been low and that em-

ployer derived a benefit from the Christmas party, which was held, in part, to boost employee morale. Accordingly, the ALJ concluded that claimant's injury was compensable. On review, the Panel affirmed.

## I.

In *City & County of Denver v. Lee,* 168 Colo. 208, 450 P.2d 352 (1969), the supreme court addressed the question whether an injury incurred by an employee engaging in a work-related recreational activity arises out of and in the course of employment. There, a police officer was compensated for an injury sustained while playing basketball on an employer-sponsored team.

Without discussing the relative weight of the factors or determining that the presence of any one factor required a conclusion that the recreational activity arose out of and occurred in the course of employment, *Lee* set forth a framework for analysis to determine whether a recreational-type activity arises out of and in the course of employment. *City of Northglenn v. Eltrich,* 908 P.2d 139 (Colo.App.1995), *aff'd sub nom. Price v. Industrial Claim Appeals Office,* 919 P.2d 207 (Colo.1996). That framework includes as factors to be considered: (1) whether the activity occurred during working hours; (2) whether it occurred on or off the employer's premises; (3) whether participation in it was required; (4) whether the employer initiated, organized, sponsored, or financially supported it; and (5) whether employer derived a benefit from it.

However, in 1991, the General Assembly amended the statute such that § 8-40-201(8), C.R.S.1997, now provides that the term "employment" excludes "an employee's participation in a voluntary recreational activity or program, regardless of whether the employer promoted, sponsored, or supported the recreational activity or program." *See* Colo. Sess. Laws 1991, ch. 219, at 1292-1293.

## II.

Petitioners first contend that the ALJ and the Panel erred as a matter of law in relying upon certain *Lee* factors which, in their view, were abolished by the 1991 statu-

tory amendments. Specifically, they argue that the amendments eliminated employer promotion, sponsorship, and support as relevant factors and that, therefore, evidence of such matters is not relevant in a determination of causation under § 8–40–201(8). We disagree.

■ In resolving questions of statutory construction, we must give words in a statute their plain and ordinary meaning unless an absurd result occurs. *Snyder Oil Co. v. Embree,* 862 P.2d 259 (Colo.1993). A statute must be construed to give consistent, harmonious, and sensible effect to all of its parts. *Henderson v. RSI, Inc.,* 824 P.2d 91 (Colo. App.1991). Finally, the General Assembly is presumed to be aware of the judicial interpretation of a statute that it amends, and it is also presumed that a legislative amendment does not change the existing law further than is expressly declared or necessarily implied. *Karlin v. Conard,* 876 P.2d 64 (Colo.App. 1993).

We agree with the Panel that, insofar as the *Lee* decision permitted a finding of compensability regardless of whether the claimant's participation in the activity was voluntary, the 1991 amendments to § 8–40–201(8) constitute a legislative modification of that holding. Now, the statute requires that the claimant's motive for participation in the recreational activity be determined and that compensation be denied if participation in the recreational activity was voluntary, even if the employer promoted or sponsored the activity.

Nevertheless, we further agree with the Panel that § 8–40–201(8) does not preclude an ALJ from considering evidence as to whether the employer sponsored, promoted, or supported the recreational activity. Evidence of the extent of an employer's sponsorship or promotion of a recreational activity may be relevant in determining whether a claimant's participation in that activity was voluntary. This is because it is within the employer's power to enlarge the scope of employment by its affirmative act of embracing various recreational and social activities. 2 *Larson's Workers' Compensation Law* §§ 22.20 and 22.24(c) (1997).

■ Finally, we reject petitioners' contention that the Panel's decision fails to give proper weight to the first two *Lee* factors, *i.e.,* the time and place requirements. While generally those two factors are particularly strong indicators as to whether an injury arose out of and in the course of employment, nevertheless, causation may be established, in the absence of those factors, upon a strong showing of the other *Lee* factors. *Price v. Industrial Claim Appeals Office, supra.*

### III.

■ Petitioners also contend that the evidence does not support a determination that claimant's injury was compensable. We disagree.

■ Section 8–43–301(8), C.R.S.1997, requires that the ALJ's findings of fact be upheld if they are supported by substantial evidence in the record. Therefore, the ALJ's resolution of conflicts in the evidence, his or her credibility determinations, and the plausible inferences drawn from the evidence are binding on review. *Metro Moving & Storage Co. v. Gussert,* 914 P.2d 411 (Colo.App.1995).

Here, the ALJ's findings supporting compensability, particularly the finding that attendance at the party was not voluntary, are amply supported by the evidence, which includes corroboration of claimant's testimony by several witnesses. Thus, the direct evidence concerning the mandatory nature of the party was sufficient, without a consideration of evidence of sponsorship, promotion, organization, and payment, to support the ALJ's finding that claimant's attendance was not voluntary.

Further, we are not persuaded that the decision here was unduly based upon the factor of morale enhancement. Instead, we agree with the Panel that the award of benefits is supported by the record.

In addition, we are not persuaded by petitioners' argument that a determination that attendance at the party was voluntary was precluded because there was a lack of evi-

dence that anyone was punished for not having attended.

The order is affirmed.

METZGER and KAPELKE, JJ., concur.