**Laurence L. WHITE, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Denver School District # 1, and Colorado Compensation Insurance Authority, d/b/a Pinnacol Assurance, Respondents.**

**No. 99CA1964.**

Colorado Court of Appeals, Div. IV.

July 20, 2000.

Robert W. Turner, LLC, Robert W. Turner, Denver, Colorado, for Petitioner.

No Appearance for Respondent the Industrial Claim Appeals Office.

Curt Kriksciun, Denver, Colorado, for Respondents Denver School District #1 and Colorado Compensation Insurance Authority.

Opinion by Judge MARQUEZ.

In this workers' compensation proceeding, Laurence L. White (claimant) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) upholding the denial

of his claim for benefits on the basis that he did not incur a compensable injury. The sole issue in this appeal is whether claimant's participation in weightlifting was a "recreational" activity within the meaning of § 8–40–201(8), C.R.S.1999. We affirm.

Claimant, a high school substitute teacher, injured himself while he was weightlifting in the high school weight room during a free period. The injury rendered him a paraplegic.

Claimant initiated this proceeding seeking a determination that his injury arose out of and in the course of his employment and, therefore, was compensable. Following an evidentiary hearing, the Administrative Law Judge (ALJ) ruled that claimant had been engaged in a voluntary recreational activity and denied him benefits.

The Panel upheld that determination on review.

## I.

■ Claimant first contends that there is no evidence to support the ALJ's determination that claimant was involved in a "recreational" activity and that, therefore, the ALJ erred as a matter of law in failing to conclude that claimant's injury occurred within the course and scope of his employment. He also contends that the ALJ's findings of fact were not sufficient to support the determination of claimant's involvement in a recreational activity. We disagree.

■ To be compensable under the Workers' Compensation Act, an injury incurred by an employee must arise out of and in the course of the employee's employment. *Price v. Industrial Claim Appeals Office*, 919 P.2d 207 (Colo.1996).

Pursuant to § 8–40–201(8), C.R.S.1999, the term "employment" does not include "an employee's participation in a voluntary recreational activity or program, regardless of whether the employer promoted, sponsored, or supported the recreational activity or program."

Here, claimant concedes that his participation in the weightlifting activities was voluntary. Therefore, the question is whether

these activities were recreational. Under the circumstances here, we conclude that they were.

The term "recreational" is not defined by the statute. In cases involving recreational activities that occurred before the above statute's effective date of July 1, 1991, *see* Colo. Sess. Laws 1991, ch. 219 at 1293, the principal concern was whether the claimant was acting within the scope of his or her employment at the time of the injury. *See Price v. Industrial Claim Appeals Office, supra* (exercising on a chin-up bar at home and riding a bicycle during off-duty hours); *Karlin v. Conard*, 876 P.2d 64 (Colo.App.1993)(claimant thrown from a golf cart driven by a fellow employee during a recreational golf tournament sponsored by the employer); *Dunavin v. Monarch Recreation Corp.*, 812 P.2d 719 (Colo.App.1991)(ski instructor injured while skiing during a period before he was scheduled to give lessons).

In resolving whether the activity was compensable, the courts considered a number of factors. However, whether the activity was recreational does not appear to have been in dispute, and no definition of when an activity is recreational has emerged.

Nevertheless, when the activity involves an exercise program, the supreme court has held that a court should look to the following factors to determine whether an injury is compensable: (1) whether the injury occurred during working hours; (2) whether the injury occurred on the employer's premises; (3) whether the employer initiated the employee's exercise program; (4) whether the employer exerted any control or direction over the employee's exercise program; and (5) whether the employer stood to benefit from the employee's exercise program. Factors (1) and (2) carry greater weight because the time and place of injury are particularly strong indicators of whether an injury arose out of and in the course of the employee's employment. *Price v. Industrial Claim Appeals Office, supra.*

The current statute requires that the claimant's motive for participation in the recreational activity also be determined and that compensation be denied if participation

in the recreational activity was voluntary, even if the employer promoted or sponsored the activity. *Dover Elevator Co. v. Industrial Claim Appeals Office,* 961 P.2d 1141 (Colo. App.1998).

Here, the Panel determined that the term "recreational activity" has a commonly accepted meaning easily discerned by reference to a standard dictionary. *See People v. Business Located at 2896 West 64th Ave.,* 937 P.2d 873 (Colo.App.1996)(in the absence of a specific definition, a word will be given its commonly accepted dictionary definition).

According to the definition relied upon by the Panel, the word "recreate" means to impart fresh life to; refresh mentally or physically. This definition closely mirrors other dictionary definitions, *see Webster's Third New International Dictionary* 1899 (1986), and connotes a common usage associated with the term that is easily understood by the normal reader. A "recreational activity," as the Panel states, is one which has a refreshing effect on either the mind or body.

Applying that definition, weightlifting can be a recreational activity depending on the circumstances. Further, while the activities in *Price v. Industrial Claim Appeals Office, supra,* occurred before July 1991, we conclude that consideration of the *Price* factors is nevertheless appropriate in determining whether the weightlifting activities in the present case were recreational. *See Dover Elevator v. Industrial Claim Appeals Office, supra.*

Here, on the day he was injured, claimant was scheduled to substitute for the art teacher. Claimant testified that the high school did not mandate that he go to the weight room during his planning period and that he did that on his own. He also testified that he arrived at the weight room fifteen minutes before the class began. He was not teaching or assisting in the weight room at the time of the accident. Other evidence indicated that the weight room was available to teachers for their personal workouts when they had free periods. Although the ALJ found that the school district benefited to some degree by having its teachers remain fit, it was undisputed that the district did not mandate workouts or impose fitness requirements.

According to claimant, the record establishes that the activity in this instance was not recreational in nature. He relies upon the testimony of several co-workers who he claims testified that weightlifting relates to physical education and fitness rather than recreation. However, none of his witnesses rejected the notion that weightlifting could be a recreational activity. Even if we assume that weightlifting relates to physical fitness, we discern nothing in the record that would have compelled the ALJ to conclude that claimant's personal weightlifting activities during his break were not essentially recreational in nature.

While the accident did occur during the workday and on the employer's premises, it was nevertheless reasonable for the ALJ to conclude, based upon the other relevant *Price* factors, that the accident occurred as a result of "recreational activity" and that, therefore, under § 8–40–201(8), it did not arise out of claimant's employment. Because claimant concedes that his participation in the weightlifting activities was voluntary, consideration of the third factor in *Price* is not pertinent here.

■ We also are not persuaded by claimant's argument that the ALJ's findings are inadequate because they contain no express statement that the weightlifting was recreational. Viewing the order in its entirety, we conclude that such a determination, while perhaps not explicit, is apparent from the plain import of the ALJ's findings.

We further reject claimant's assertion that the Panel improperly resorted to judicial notice to determine whether weightlifting is a recreational activity. Nothing within the Panel's order indicates that it took judicial notice of any disputed fact. *See One Hour Cleaners v. Industrial Claim Appeals Office,* 914 P.2d 501 (Colo.App.1995)(judicial notice is to be used cautiously and only in cases in which the matters to be so noticed are of such common knowledge that they cannot reasonably be disputed).

## II.

■ Claimant next contends that § 8–40–201(8) is unconstitutionally vague because the

term "recreational activity" has no definition within the statute itself or the Workers' Compensation Act, § 8–40–101, et seq., C.R.S.1999, as a whole. Again, we disagree.

Under the United States and Colorado Constitutions, a statute violates due process protections when it forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess as to its meaning and differ as to its application. *Watso v. Department of Social Services,* 841 P.2d 299 (Colo.1992). Statutes must contain language that provides fair notice of what conduct is prohibited and provides enforcement authorities with sufficiently definite standards to ensure uniform, non-discriminatory enforcement. *Loonan v. Woodley,* 882 P.2d 1380 (Colo.1994).

No vagueness problem exists if a party strains to inject doubt as to the meaning of words where no doubt would be perceived by the normal reader. *Board of Education v. Wilder,* 960 P.2d 695 (Colo.1998).

Statutory terms need not be defined with mathematical precision. Rather, the statutory language must be sufficiently specific to give fair warning of prohibited conduct, yet it must also be sufficiently general to permit application of the prescribed standards of conduct to varied circumstances and changing times. *People v. Gomez,* 843 P.2d 1321 (Colo.1993).

Further, words and phrases used in statutes are to be considered in their generally accepted meaning, and the court has a duty to construe the statute so that it is not void for vagueness when a reasonable and practical construction can be given to its language. *Colorado State Board of Medical Examiners v. Hoffner,* 832 P.2d 1062 (Colo. App.1992).

Claimant asserts that § 8–40–201(8) confers unbridled discretion upon the ALJ to grant or withhold benefits concerning a compensable on-the-job injury without criteria and without safeguards. He maintains that because the statute results in an uncontrolled and arbitrary exercise of discretionary power, a reasonable and practicable construction cannot be given to its language.

We conclude, however, that because the term is capable of a reasonable and practical construction based upon its plain meaning, the lack of a definition of "recreational" does not create ambiguity as to the type of activity intended to be excluded from employment under that provision. Thus, we reject claimant's contention that § 8–40–201(8) is unconstitutionally vague.

The order of the Panel is affirmed.

Judge ROTHENBERG and Judge DAILEY concur.